## CASES ARGUED AND DECIDED IN THE SUPREME COURT OF LOUISIANA

AT TERM BEGINNING FIRST MONDAY OF OCTOBER, 1926

(111 So. 470)

No. 26849.

GRAPHIC ARTS BLDG. CO. et al. v. UNION INDEMNITY CO. et al.

(Nov. 2, 1926. Rehearing Denied Jan. 31, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Interpleader ⬅⟹26—Issue need not be joined between contestants for fund in "concursus" proceeding by owner of building joining contractor and all interested parties.**

Concursus proceeding by owner of building joining contractor, surety company, and all parties interested is in nature of contest over fund, in which it is not necessary that issue be joined between several contestants for fund.

[Ed. Note.—For other definitions, see Words and Phrases, Concurso.]

2. **Interpleader ⬅⟹12—Materialman need not enter preliminary default against contractor to obtain judgment against him in concursus proceeding.**

In concursus proceeding by owner of building, citing contractor and all interested parties, materialman was not required to take preliminary default against contractor, who made no appearance, before judgment could be rendered against contractor.

3. **Mechanics' liens ⬅⟹48—Materialman may recover against contractor and surety for materials specially manufactured for building, though unidentified portion was used elsewhere by contractor.**

Contractor and his surety are equally liable to materialman for material specially manufactured and delivered to contractor in accordance with plans and specifications of building, though unidentified portion amounting to one-third of materials was not used in building, but used by contractor in other buildings.

4. **Mechanics' liens ⬅⟹315—Surety on contractor's bond is limited to defenses that can be made by contractor in suit for materials furnished contractor (Act No. 262 of 1916).**

Under Act No. 262 of 1916, surety on building contractor's bond, obligated to pay subcontractors and materialmen, is limited to defenses that can be made by contractor, in suit for materials furnished contractor.

**5. Mechanics' liens ⟨⟩⟶315—Surety's obligation on contractor's bond to pay subcontractors, workmen, and materialmen, being in accordance with statute, is coequal with liability of contractor.**

Obligation of surety on contractor's bond to pay all subcontractors, workmen, and materialmen as interest may appear, being in accordance with statute requiring owner to execute such bond, is coequal with liability of contractor.

**6. Mechanics' liens ⟨⟩⟶315—Defense that materialman had no privilege for materials delivered contractor could not be set up by surety to defeat liability on contractor's bond.**

Surety on contractor's bond, obligated to make good default of contractor, cannot claim that materialman had no privilege for materials furnished and delivered to escape liability on bond, defense not being one that contractor could set up.

Appeal from First Judicial District Court, Parish of Caddo; E. P. Mills, Judge.

Concursus proceeding by the Graphic Arts Building Company against the Union Indemnity Company and others, in which the Koerner Engineering Company filed claim. From a judgment for the Koerner Engineering Company against defendant named for part of amount claimed, the Engineering Company alone appeals. Amended and affirmed.

Rehearing denied; O'Niell, C. J., and St. Paul and Rogers, JJ., dissenting.

Cook & Cook, of Shreveport, for appellant.

Blanchard, Goldstein & Walker, of Shreveport, for appellee Union Indemnity Company.

J. C. Henrigues, of New Orleans, amicus curiæ.

THOMPSON, J. The contest before this court is between the Koerner Engineering Company, appellant, a furnisher of materials, and the Union Indemnity Company, appellee, surety on the contractor's bond.

Two questions are presented: (1) Whether or not it is necessary, in a concursus proceeding instituted by the owner of the building and where the contractor and all parties having an interest have been cited to come into the proceeding, for the furnisher of materials to take a preliminary default against the contractor, who has made no appearance, before judgment can be rendered against him; and (2) can the surety company be held liable for materials which have been specially manufactured and furnished and delivered to the contractor in accordance with the plans and specifications of the building contract, but where an unspecified and unidentified portion, amounting approximately to one-third of such materials, have not been used in the building but disposed of by the contractor and used in other buildings?

The Graphic Arts Building Company entered into a written contract with A. De Latte on May 17, 1922, for the construction of a building in the city of Shreveport. The contract price was $81,921.40.

The contractor gave a bond with the Union Indemnity Company as surety equal in amount to the contract price. The contract and the bond were duly recorded.

When the building was completed, the owner filed and caused to be recorded an acceptance of the building and paid the contractor in full.

Thereafter and within the delay prescribed by law the Koerner Engineering Company and one other filed and caused to be recorded proper evidence of accounts for labor performed and materials furnished and supplied to the contractor in the construction of the building and claimed a lien on the lot of ground and building.

The plaintiff then instituted this proceeding, calling upon the contractor, the surety company, and the recorded lien claimants to come in and assert whatever claims they had to the end that all such claims might be tried and determined.

No objections were made to the solvency and sufficiency of the contractor's bond with-

in the delay allowed, and all recorded liens against the owner and its property were canceled.

The appellant engineering company appeared and alleged that it had furnished and delivered to the contractor on his order materials specially manufactured for the building amounting to the sum of $5,571.60, on which had been paid $2,831.21, leaving a balance due of $2,740.59.

Judgment was prayed for against the contractor and the surety company for the said balance, with interest.

The surety appeared and answered plaintiff's proceeding, admitting practically all of the facts as set out in the petition, but made no special defense or claim against the owner, the contractor, or the materialmen.

The contractor, as before stated, made no appearance, nor did he testify as a witness in the case.

On a trial, judgment was rendered in favor of the Koerner Engineering Company and against the surety company for $1,757.16, with interest.

The claim of the engineering company against the contractor was rejected as in case of nonsuit.

That company alone has perfected an appeal. Neither the contractor nor the surety company has answered the appeal.

The trial judge was of the opinion that it was essential that a preliminary default should have been entered against the contractor before any judgment could be rendered against him in favor of the furnisher of materials. The judge was also of the opinion that, as a portion of the materials were not used in the building, the surety company could not be held for the price of such materials as were not used.

We are of the opinion that our learned Brother was in error on both propositions.

The proceeding is one specially provided by the statute, and does not fall under the rules provided for in ordinary actions.

[1] It is in the nature of and may be likened to a contest over a fund in which it is not necessary that issue be joined as between the several contestants for such fund.

As was said in State v. Alexander, 106 La. 463, 31 So. 60:

"The proceeding was a contest over a fund. Issue did not need to be joined as between the several contestants, by formal pleadings. The issue was tacitly formed between them, each denying the claims of the others.

"The claim of each was open to all the objections of law and fact that every other could bring against it without need of formally pleading such objections."

And in the case of Seal v. Gano, 160 La. 638, 107 So. 475, it was said:

"The very purpose of the act was to provide a special, speedy, and summary remedy to enable the authorities letting the work, or, on their default, any creditor of the contractor, to bring all parties concerned and having an interest together before one court and in one proceeding, to the end that their respective rights as between themselves and as against the contractor and his surety might be recognized and adjusted."

[2] In the instant case all parties were cited and served in the proceedings and called upon to assert their respective claims. The appellant did appear and answer the proceeding, and asked for judgment against the contractor and his surety.

It was not required that the said claimant should again cite the contractor. No additional citation being required, it was not necessary that issue should be joined with the contractor either tacitly by default or expressly by answer.

It is undisputed that the materials in the amount stated were ordered by the contractor and delivered by the appellant for use in the building under contract. The materials were specially manufactured for use in that building.

[3] It is also undisputed that approximately one-third of the materials so ordered and received by the contractor were not used in

the building, but were otherwise disposed of by the contractor.

The evidence does not show, however, the particular materials that were not so used.

We merely have the general statement of the witnesses that about one-third was not used.

There was a payment of some $2,000 made on this account by the contractor, but it does not appear that this payment was made on the materials used or on such as were not used.

In these circumstances we do not think it was required of the appellant to follow up the shipment of the materials furnished and to see that all of such materials actually went into the building being constructed.

The question might be different if this was a contest between the owner and the furnisher of materials, with the latter, claiming a privilege on the building.

But no such issue is presented here. The contractor is unquestionably liable for the material furnished and delivered by the appellant and used by him. He could not be heard to deny his liability under the evidence.

The liability of the surety company in this instance is coequal with that of the contractor.

[4] The surety company is limited to the defenses that can be made by the contractor. Act 262 of 1916.

[5] The obligation of the surety as expressed in the bond is strictly in keeping with the statute requiring the owner to exact such bond. That obligation assumed by the surety company was that it will pay all subcontractors, workmen, laborers, mechanics, and furnishers of material, as their interest may appear.

[6] The contractor defaulted on his contract with appellant, he failed to pay for the materials purchased. He is liable therefor, and the surety's obligation is to make good that default, and such surety cannot be heard

to say that appellant had no privilege for the materials furnished and delivered and thus escape the plain obligation of the bond —a defense which manifestly the contractor could not set up.

For the reasons assigned, it is ordered that the judgment of nonsuit be set aside, and it is now decreed that appellant Koerner Engineering Company have judgment against A. De Latte for the sum of $2,740.50, with 5 per cent. per annum interest from August 1, 1922, till paid.

It is further ordered that the judgment in favor of appellant and against the Union Indemnity Company be amended by increasing said amount from $1,757.16 to $2,740.50, with interest at the rate and from the date as stated in said judgment.

As thus changed and amended, the judgment is affirmed, the cost of appeal to be paid by the Union Indemnity Company.