No. ——

First Circuit

---

THIBODEAUX & HARISON v. GLOBE INDEMNITY OF NEW YORK

---

(May 3, 1927. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. **Louisiana Digest—Builders and Buildings—Par. 7, 29.**

Under Act 139 of 1922 and Act 230 of 1924 the bonding company can make no defense that the contractor cannot make.

Therefore, the bonding company cannot make the defense that the material was not used in the building.

2. **Louisiana Digest—Attorneys—Par. 59.**
Under Act 225 of 1918 ten per cent attorney's fees cannot be recovered where only part of the amount claimed was recovered in the judgment.

Appeal from the Parish of East Baton Rouge. Hon. G. Favrot, District Judge.

Action by Thibodeaux and Harison, Inc., against Globe Indemnity of New York and Troy Lee Watts.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed in part and reversed in part.

Moise Thibodeaux, of Baton Rouge, attorney for plaintiff, appellee.

Taylor, Porter, Loret & Brooks, of Baton Rouge, attorneys for defendant, appellant.

MOUTON, J.   John M. Foote, R. L. Menville and Mrs. Fred Frank entered into separate contracts with Troy Lee Watts, contractor, to build dwelling houses and apartments in the city of Baton Rouge. Watts furnished bond to secure the faithful performance of each contract with the Globe Indemnity Company of New York as surety on his bonds. Materials were furnished by plaintiff for the erection of these buildings and were delivered on the order of Watts, the contractor. Plaintiff brought this suit against Watts and the Globe Indemnity Company, surety on his bond, for the recovery of $798.34, amount claimed for these materials. Watts makes no defense and the contest is therefore between plaintiff and the Globe Indemnity Company.

The defendant company contends that plaintiff can not recover because he has failed to prove that the materials were actually used in the erection of the buildings. If the suit were for the recognition of a privilege on the buildings, such proof might be required. C. C. 3249; 3. Plaintiff is not, however, suing for the enforcement of his lien but brings his demand against the bonding company for materials furnished the contractor. The bonds having been executed prior to the enactment of the building contract law of 1926 are therefore governed by the provisions of Acts 139, 1922; 230, 1924. Act 139, 1922, Sec. 5, says: "That in all cases where surety has been furnished, the surety shall be entitled to make only the same defenses that the contractor for whom he signed the bond is authorized to make, etc." This Act was amended by Act 230, 1924, but the clause of Act 1922, above quoted, has remained unchanged. In the bonds furnished by the Globe Indemnity Company, the company binds itself to pay the furnisher of materials in case the contractor, Lee Watts, failed to pay for these materials. They were furnished for the buildings under Watts' order by which he became bound for their payment. He certainly could not have urged as a legal defense that he had not used them in the buildings for which they had been bought. See Graphic Arts Bld. Co. vs. Union Indemnity Co., G. R. vol. 3, No. 6, March, 1927. Under the clause of the Act aforesaid, the surety is entitled to make only such defense that the contractor could have made. The contractor can make none as far as we are aware, and the surety finds itself in the same predicament. A bond of the character of the one furnished here is statutory, and performs a double

function, one for the benefit of the owner, and the other for the benefit of third parties, furnisher of materials, laborers, mechanics and such like. The surety, equally with the contractor, is, by formal covenant bound to pay the claims of the furnisher of materials in such cases. Shreveport Mut. Bldg. Assn. vs. Whittington( 141 La. 41, 74 South. 591; Victoria Lbr. Co. vs. Wells, 139 La. 500, 71 South. 781; U. S. Fidelity & Guaranty Co. v. D'Angelo, 150 La. 188, 90 South. 564; Webb vs. Fidelity & Dep. Co., 146 La. 170, 83 South. 448.

We therefore find that the defendant company was properly held bound to plaintiff for the materials furnished.

Plaintiff also demanded against defendant company $15.00, amount he had to pay for the registry of three itemized sworn statements or liens. The trial judge denied this item, and properly. Having denied this item, gave judgment for $783.34, being less than the sum of $798.34, which was demanded.

The court, however, gave judgment for ten per cent as attorney's fees on the amount decreed against defendant. Attorney's fees, in cases of this character, can be allowed only when "the full amount claimed by the suitor is recovered". Act 225, 1918, p. 408; Hopkins vs. National Surety Co., 154 La. 61, 97 South. 297.

As plaintiff has failed to recover the full amount claimed the attorney's fees must be disallowed and in that respect the judgment must be amended.

It is therefore ordered and decreed that the judgment be avoided and reversed insofar as it decrees attorney's fees to plaintiff and which are hereby denied and rejected; and in other respects the judgment be affirmed, plaintiff to pay cost of appeal, those of lower court to be paid by defendant.