No.——

First Circuit

MANNING v. BARELLI

(February 15, 1928. Opinion and Decree.)
(March 7, 1928. Rehearing Refused.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Privilege—Par. 3, 4;
   Mechanical Privileges—Par. 4.**

There is no statute in Louisiana creating
a lien or privilege on money.

2. **Louisiana Digest—Mechanical Privi-
   leges—Par. 53, 55.**

Under Acts 262 of 1916, 139 of 1922 and
   230 of 1924 the surety is liable for a
   claim representing labor and material
   furnished by a sub-contractor to make
   alterations and additions to the build-
   ing not covered by the original con-
   tract, because the surety cannot make
   any defense which the contractor for
   whom he signed cannot make.

3. **Louisiana Digest—Mechanical Privi-
   leges—Par. 53; Suretyship—Par. 22;
   Attorneys—Par. 59.**

Under Act 225 of 1918 where surety fails
   to pay his obligation promptly he is
   liable for an additional sum of 10
   per cent attorney's fee on the amount
   recovered against him.

Appeal from the Parish of St. Tam-
many. Hon. P. B. Carter, Judge.

Action by Jas. T. Manning against Percy
S. Barelli et als.

There was judgment for plaintiff and
defendant appealed.

- Judgment affirmed.

Miller & Heintz, of Covington, attor-
neys for plaintiff, appellee.

Morgan & Simmons of Covington, at-
torneys for Dr. F. F. Young, defendant,
appellee.

Eugie V. Parham, and Edward Rightor,
of New Orleans, attorneys for defendant,
American Employers' Insurance Company,
and appellant.

LECHE, J. Dr. F. F. Young entered
into a written contract for the construc-
tion of a building with Percy S. Barelli,
and the American Employers' Insurance
Company signed a bond to guarantee the
faithful performance of the contract. Jas.
T. Manning, the plaintiff, as sub-contractor
furnished materials and performed cer-
tain work on the building, and in this
suit, he claims the sum of Nine hundred
dollars, for which amount he prays for
judgment in solido against Barelli and
against the insurance company, as surety,
and he further prays for recognition of a
lien and privilege on the building and
on the sum of Five hundred dollars which
he claims has been withheld in the hands
of Dr. F. F. Young. Manning also prays
for attorney's fees against Barelli and
the insurance company. The District Court
rendered judgment as prayed for by
plaintiff, for Nine hundred dollars against
Barelli and the insurance company, but
refused to grant plaintiff's demand for
recognition of a privilege on the sum of
Five hundred dollars, said to be in the
hands of, and held by, Dr. F. F. Young.

The present appeal was taken suspen-
sively by the American Employers' Insur-
ance Company the condemned surety, and
Manning, the plaintiff, also took a devolu-
tive appeal.

We do not find in the record, any bond
by plaintiff to sustain the devolutive ap-
peal which he obtained on condition that
he furnish a bond for Twenty-five dollars.

But Dr. F. F. Young has filed no motion to dismiss upon that ground, and as such bond is purely in his interest, we assume that he has waived the same. State ex rel. Pontchartrain R. R. Co. vs. Judge, 27 La. Ann. 697.

The demand of plaintiff to have his claim recognized as secured by a privilege on Five hundred dollars said to have been retained by Dr. F. F. Young out of the money due by him under the contract with Barelli, rests on two propositions; first, the fact that Dr. Young really holds such a sum of money out of the funds due by him to Barelli, and, second, on the theory that one may have a privilege on money. The first proposition involves a question of fact which does not seem to, be proved with any degree of certainty and upon which it is not necessary to express any opinion, because the second proposition which is equally necessary to sustain that part of plaintiff's demand, is not tenable under the law of this State. There is no statute creating a lien or privilege on money. Money is merely a representative of value and if plaintiff has any lien or privilege, ft is on the building and not on the money which Dr. Young may owe to Barelli. We therefore believe that the District Judge properly refused this part of the prayer of the petition.

Plaintiff's demand for Nine hundred dollars against Barelli and his surety, the American Employers' Insurance Company, seems to be supported by the evidence in the record. The trial judge so found and Barelli has not appealed from the decree condemning him to pay that amount to plaintiff together with 10 per cent attorney's fees. The surety, however, resists the payment of $547.00 of this amount, on the ground that this sum of money represents the price of labor and material not included in the contract for which it gave bond as surety. The surety in argument nevertheless expresses the willingness to pay plaintiff $353.00, the difference between $900.00 and $547.00, which it concedes, really represents the price of labor and material furnished under the terms of the contract.

The question then to be decided, is whether a surety is liable for a claim representing the price of labor and material furnished to the owner and to the contractor by a sub-contractor, to make alterations and additions in a building contract. Of course, it is not pretended in this case, that the surety would thereby become liable for more than the amount stipulated in his contract of suretyship.

Bonds given as security for the faithful performance of building contracts are statutory bonds and are provided for and regulated by Act 139, page 290, of 1922, and Act 230, page 451, of 1924. These statutes therefore must be read into such bonds and form part of their conditions. They provide that the surety in such bond, when sued, shall be entitled to make as against sub-contractors and material men, only the same defenses as the principal contractor for whom he signed the surety, is authorized to make. It is then apparent that the surety in this case has no right to plead the defense which it presents. Surely the contractor could not oppose the payment of plaintiff's claim on the ground that part of the claim represents the price of labor and material not provided for under the specifications of the contract, when he openly concedes that such labor and material were furnished at his own request and at the instance of the owner for the purpose of completing the building. The same provision with regard to

the defenses of a surety under a building contract, is contained in Act 262, page 538, of 1916.

The Supreme Court has passed upon this question in the case of Graphic Arts Bldg. Co. vs. Union Indemnity Co., 163 La. 1, 111 South. 470, and held that a defense such as is presented here, cannot be made by the surety. See also Meyer vs. Bichow et als., 133 La. 976, 63 South. 487.

The case of Wells vs. Fidelity & Deposit Co., 146 La. 170, 83 South. 448, was a suit by the owner against the surety and not as is the case here, a suit by a sub-contractor, and is therefore not in conflict with the cases cited herein.

Plaintiffs demand for attorney's fees is sanctioned by Act 225, page 409, of 1918 and the amount thereof is in accordance with the provisions of that Act.

Finding no error in the judgment appealed from, it is ordered that same be affirmed.