MARSIGLIA v. McKEE, ET AL., Appellant

(February 27, 1928.   Opinion and Decree.)

(*Syllabus by the Court*)

1.   **Louisiana Digest—Builders and Building—Par. 7, 29; Mechanical Privileges —Par. 53, 55.**

When the law relative to building contracts provides that the surety of the contractor shall be limited to such defenses only as the principal on the bond can make, the surety cannot make the defense that the materials ordered by the contractor were not used on the building.

Appeal from Civil District Court.   Hon. Porter Parker, Judge.

Action by Vito Marsiglia against Earl W. McKee et al., appellants.

There was judgment for plaintiff and defendant surety appealed.

Judgment amended and affirmed.

Theo. Cotonio. of New Orleans, attorney for plaintiff, appellee.

Dart and Dart, Emile Pomes, John R. Reilley, Sanders, Baldwin, Viosca and Haspel, and J. J. Jackson, all of New Orleans, attorneys for defendants, appellants.

H. W. Robinson, Denegre, Leovy and Chaffe, of New Orleans, attorneys for American Surety Co., defendant, appellant.

CLAIBORNE, J.   This is a suit of materialmen against the contractor, McKee, and his surety, the American Surety Company.

There was judgment in favor of the materialmen against the contractor and his surety.

The surety has appealed.

Its defense is that there is no showing that the materials were delivered at the site of the buildings, nor that they went into the building.

In the case of Graphic Arts Building Co. vs. Union Indemnity Co., 163 La. 1, 111 South. 470, the Court decided that a surety on a contractor's bond is limited to defenses that can be made by the contractor in suits for materials furnished him. "Materialmen may recover against surety for material specially manufactured for building, though one-third of materials was used elsewhere by contractor."

This decision was followed by the Court of Appeal for the First Circuit in Thibodeaux vs. Globe Indemnity Company, 6 La. App. 380.   The defense was "that plaintiff cannot recover because he has failed to prove that the materials were actually used in the erection of the buildings." The Court said that the contractor could not defend upon the ground that he had not used the materials in the building; therefore neither could the surety, quoting the case of Graphic Arts Building cited above.   We are bound by the opinion in the last case and cannot decide in opposition to the Court of the First Circuit.

But the trial court rendered judgment in favor of Schill and of Hortman who have already been paid.

This inadvertence must be corrected.

It is therefore ordered that the judgment herein be amended by reversing the two judgments in favor of Hortman and Co., Inc., for $229.35 and $1.50 and in

favor of Ellie H. Schill for $522 and $2.00, and as thus amended that the judgment herein be affirmed.