### No. 10,338

### Orleans

## MADISON LBR. CO., DENDINGER, INC., OWNER, v. McGRATH ET AL.

(August 13, 1928. Opinion and Decree.)
(September 4, 1928. Rehearing Refused.)
(October 3, 1928. Writ of Certiorari and Review denied by Supreme Court.)

J. D. Dresner, of New Orleans, attorney for plaintiff, appellee.

Jas. J. Landry, of New Orleans, attorney for M. J. Donnellan.

H. G. McCall, of New Orleans, attorney for Mrs. Jno. McGrath.

Geo. Montgomery, of New Orleans, attorney for Recorder of Mortgages.

Spearing, Miller and Mabry, of New Orleans, attorneys for defendant, appellant.

CLAIBORNE, J. This is a suit against the owner, the contractor, and his surety for the price of lumber furnished for the construction of a building.

The plaintiff alleged that by contract executed before a notary on October 18, 1923, Mrs. McGrath, owner, employed M. J. Donnellan, contractor, to erect a building in the square bounded by López, Perdido, Gravier and Salcedo Streets, for the price of $7000, which was to be financed by the Dryades Building and Loan Association, and the United States Fidelity and Guarantee Company obligated themselves as surety; that the said Donnellan furnished to plaintiff a list of the lumber it would require to execute said contract, and plaintiff agreed to furnish said lumber for the price of one thousand two hundred and thirty-nine dollars, and did furnish and deliver said lumber, together with additional lumber to the amount of three hundred and fifty-three 52-100, making in all one thousand five hundred and ninety-two 52-100 dollars, which was used on said building, the whole of which remains due and unpaid; that plaintiff recorded an itemized account of said lumber in the mortgage office on December 8, 1923, and served a sworn account of the same on the same day on Mrs. McGrath, the owner; that the acceptance of said building was recorded on November 9, 1923. The plaintiff prayed for judgment against M. J. Donnellan, Mrs. McGrath, the Dryades Building Assn. and the United States Fidelity Co., in solido, for $1592.52, with interest, and ten per cent attorney's fees against the Fidelity Company under Act 225 of 1918.

Donnellan and the Guaranty Company filed exceptions of no cause of action, etc., which were overruled.

Mrs. McGrath filed like exceptions. They were maintained and the suit against her was dismissed. There was no appeal taken from said judgment, therefore she is not before us.

Martin Donnellan, the contractor, admitted the allegations of the petition as to the contract to buy the lumber with plaintiff, and the purchase of the additional amounts, and also admitted the allegation that "the lumber contained in the said itemized account (annexed to petition was duly delivered by it, plaintiff) and used in the aforesaid premises erected by the said Donnellan for the said Mrs. McGrath, and that the price thereof, the sum of $1592.52, is past due and remains unpaid notwithstanding amicable demand on the aforesaid defendants," but denied all the other allegations.

The United States Fidelity Company admitted that it became surety on the above building contract between (Mrs. McGrath and Donnellan), but denied all the other allegations.

Judgment was rendered as prayed for in favor of plaintiff against Donnellan, contractor, and the security company and dismissing the suit and the call in warranty against Mrs. McGrath and the building company.

The Surety Company alone appealed from "the judgment in favor of Madison Lumber Company."

The Surety Company resists the claim on the ground that there is not sufficient proof that the materials sued for were furnished and used for the building for which it was surety. At the same time the same owner and the same contractor had two other buildings in course of construction in the same square.

The proof is as follows.

Charles Noel, manager of plaintiff company, testified that the claim was due; Donnellan had said it was all right and would be paid; he knows they delivered the lumber; he saw the tickets and had them checked, and went over the accounts; the signed tickets come back and he sees that it is properly done; they kept separate accounts on each job.

John J. Sheffield, salesman and collector of plaintiff, testified that he went to the building as it was going up, two or three times a week; that he actually saw the plaintiff's material used in the premises.

In addition to the above testimony there are in the record 40 dray receipts for lumber and materials designated thereon, with the heading "Madison Lumber Company,"

sold to Donnellan, Lopez and Perdido, and each one is signed by someone, the great majority by "H. M. Griffin."

The admission of Donnellan that the materials were furnished to him and used upon the building, and the judgment against him, unappealed, are corroborative evidence.

It would be in most cases impossible to furnish stronger evidence.

Indeed it has been held that a judgment against the principal is prima facie evidence against the surety. 1 H. D. 754, 1 L. D. 348; Simpson vs. Lewis, 19 La. Ann. 458; Wiemann vs. Mainegra, 112 La. 309, 36 So. 358.

In Audubon Homestead vs. Stef Lumber Co., 158 La. 1055, 105 So. 62, the Supreme Court decided:

"In concursus proceedings, where contractor was present in Court, and did not take stand, testimony of single witness that materials of lien claimants were used and that contractor never disputed that fact, held to establish prima facie case, and shifted burden of proof to surety company and contractor."

In Haynesville Lumber Co. vs. Casey, 116 So. Rep., p. 559, (No. 4) the Court said on page 560:

"It was not required of the plaintiff to show that every plank sold and delivered to the contractor for use in the school building was actually so used. If that were the rule in actions by materialmen against the contractor and surety, then the furnishing of a bond to secure materialmen would be an idle formality."

Since Act 262 of 1916, p. 538 "the surety herein shall be limited to such defenses only as the principal in the bond can make."

But Act 139 of 1922, Sec. 5, p. 293: "The surety shall be entitled to make only the

same defenses that the contractor for whom he signed the bond is authorized to make."

The same provision is repeated in Sec. 5 of Act 230 of 1924, p. 451.

The Supreme Court enforced this Act in Graphic Arts Bldg. vs. Union Indemnity Co., 163 La. 1, 111 So. 470, and was followed by the Court of Appeal of the First Circuit in Thibodeaux vs. Globe Indemnity Co., 6 La. App. 380.

The judgment appealed from is therefore affirmed.