## JAHNCKE SERVICE, Inc., v. KING et al.
### No. 14991.

Court of Appeal of Louisiana. Orleans.

Oct. 29, 1934.

Jas. W. Hopkins, of New Orleans, for appellants.

Dart & Dart and Louis C. Guidry, all of New Orleans, for appellee.

JANVIER, Judge.

Jahncke Service, Inc., a furnisher of building material, seeks judgment against Clifford H. King, a building contractor, and also against Globe Indemnity Company, surety on the statutory bond furnished by King in connection with the particular building contract out of which this suit arose.

Plaintiff alleges that it furnished supplies and materials to the value of $3,786.71, all of which materials were used in the building, and that the contractor failed to make payment. It also avers that it called upon the surety company for payment, but, through oversight, made demand for and received only $3,660.-71, overlooking two items of material totaling in price $126. It also avers that when settlement was made by the surety a receipt and a subrogation were executed and a discharge and release in full was granted to the said, surety, but that, nevertheless, it still is within its legal rights in claiming the said balance, since the receipt in full was granted as the result of a mistake of fact.

The contractor, King, interposed no defense, but the surety company denied liability, contending that, in the first place, there has not been offered sufficient evidence to show that the material was supplied to and used in the building, and also maintaining that the document acknowledging receipt of the sum of $3,660.71 and granting the surety a conventional subrogation to the rights of the furnisher of supplies against the contractor constitutes a full discharge of all liability under the bond. The surety also contends that plaintiff is estopped to claim any additional amount and in the alternative asserts that the receipt and subrogation evidence a compromise and that, therefore, plaintiff cannot now present any additional claim.

In the district court there was judgment against the contractor and against the surety company in the sum of $126, as prayed for, and the surety company has appealed.

In the absence of any evidence tending to contradict or weaken that offered by plaintiff, we have no difficulty in reaching the con-

clusion that the material for the price of which this suit is brought was actually delivered to and used in the building.

The contractor himself, when questioned as to the correctness of the charge, said:

"The statement is correct; the materials were sold to me by Mr. Fred J. Grace, Jr., an agent for Jahncke Service, Inc.; the materials were used in the construction."

When asked on cross-examination whether, of his own personal knowledge, he knew that the material charged for was used in the construction of the building, he said:

"No; but I do know that the said material was called for in the plans and specifications, and that I personally ordered the material from Fred J. Grace, Jr., the representative of Jahncke Service, Inc."

Therefore, although he had not actually seen this material go into the building, his statement that it was necessary and that he had actually ordered it, leads to the conclusion that, since the building was completed according to the plans, such material must have gone into it.

The principles announced in Graphic Arts Bldg. Co. v. Union Indemnity Co., 163 La. 1, 111 So. 470, are applicable here. See, also, Thibodeaux & Harison v. Globe Indemnity Co., 6 La. App. 380; Marsiglia v. McKee et al., 7 La. App. 753.

If the amount which the Jahncke Company was entitled to was $3,786.71, and we have already found that it was, then there was no reason why it should accept less than that amount from the surety company, and there was, likewise, no reason why it should not only accept less than the full amount due, but at the same time execute a full and complete release.

There is no pretense that when the first payment was made there was any dispute between the Jahncke Company and the surety company as to the amount due, nor as to the liability of the surety company. There was, then, no compromise contemplated by the parties. The surety admitted its liability and agreed to pay the amount and, in calculating the amount, the Jahncke Company made a mistake—an error of fact. It could correct this error so long as the rights of the surety had not been prejudiced thereby.

Had any such prejudice resulted, then there might have arisen an equitable estoppel. But there is no claim by the surety that it lost any right or has in any way been prejudiced.

It relies solely on the plea that it has obtained a receipt in full.

Counsel for defendant calls to our attention Civil Code, art. 2237, and he contends that, because of it, since the acknowledgment of payment was made by the Jahncke Company in an authentic act, that company cannot now be heard to contradict the declaration contained in the act. But it is not the payment that is being contested, but the fact that it is stated that it constituted a settlement of the entire obligation.

To sum up all of the questions involved, plaintiff made a mistake of fact, and there is nothing in law or equity which prevents it from correcting its error, so long as no one has been injured or prejudiced thereby.

The judgment appealed from is affirmed at the cost of appellant.

Affirmed.