REGAN, Judge.
The plaintiffs, Douglas W. Svendson, Vernon E. Svendson and Troye A. Svend-son, as owners, instituted this suit against the defendants, James Hoffa, engaged in business under the trade name of IToffa’s Builders Service, and his insurer, the American Indemnity Company of Galveston, Texas, endeavoring to recover the sum of $1,500, together with $500 attorney’s fee, as damages for the breach of a written building contract entered into on April 18, 1950, by the aforementioned parties.
The defendant, James Hoffa, pleaded to the jurisdiction of the court ratione personae, which was maintained and the suit as to this defendant dismissed. The American Indemnity Company pleaded the exception of vagueness, which was also maintained and the plaintiffs, accordingly, amended their petition. Defendant, in its answer, then pleaded the prescription of one year, denied all of the allegations of the petition and insisted that plaintiffs were estopped from asserting this claim.
From a judgment overruling the plea of prescription and awarding the plaintiffs judgment in the sum of $1265.22, plus an attorney’s fee of $126.52, defendant has prosecuted this appeal. Plaintiffs have answered the appeal requesting that the attorney’s fee be increased to the sum of $500.
The record reveals that on April 18, 1950, a written contract was entered into between the plaintiffs, as owners, and the defendant, Hoffa, a contractor, and the American Indemnity Company of Galveston, Texas, as surety thereon. The contractor undertook and agreed to erect and finish in “a perfect and workmanlike manner” a single dwelling in No. 10 Tern Place, in the City of New Orleans, for the sum of $31,068.16, in accordance with the plans and specifications of Benson & Riehl, Architects. Plaintiffs paid to the contractor the full price therefor and accepted the dwelling on December 27, 1950. Five months thereafter defects in the original construction and material began to manifest themselves throughout the building in the following respects:
“1. Faulty and defective installation of glass panels in front or main door of building, allowing the admission of water; that the cost of correcting said defects amounts to One Hundred Fifty and 00/100 ($150.00) Dollars.
“2. Faulty and defective installation of wood block floors in the living room, dining room, den and three bedrooms; that the cost of correcting said faulty and defective wood block flooring amounts to Seven Hundred Eighty-Two and 00/100 ($782.00) Dollars.
“3. Faulty and defective and improper plastering in the ceilings of dining room, living room, recreation room, hall and three bed rooms; that the cost of correcting said defects amounts to Three Hundred Sixty and 00/100 ($360.00) Dollars.
“4. Improper and defective cement work on the side of garage and at main entrance of building, and on the facing of the concrete beam around the base of the building; that the cost of correcting said defects amounts to Two Hundred Eight and 00/100 ($208.00) Dollars.”
The defendant asserts that plaintiffs’ right of action is now prescribed since suit was not filed within one year from the registry of the acceptance of the work. In addition thereto, defendant contends that since plaintiffs accepted the dwelling, they are, therefore, estopped from asserting any claim for defects that developed subsequent thereto.
*739 We find no merit to the plea of prescription. LSA-R.S. 9:4814 relied on by the defendant was clearly intended to limit the period in which the materialmen and laborers having claims against the building contractor for their part in the construction, could bring an action against the contractor’s surety. Dixie Building Material Co., Inc. v. Massachusetts Bonding & Insurance Co., 167 La. 399, 119 So. 405; Costanza v. Cannata, 214 La. 29, 36 So.2d 627. It has no application to an action instituted by the owner against the contractor and his surety.
The plea of estoppel is likewise without merit. Simply by accepting and occupying the building the plaintiffs did not waive any rights which they had against the contractor or his surety for breach of the contract since the breach, at the time of the acceptance of the building, could not, with reasonable care and diligence, have been discovered due to the fact that the defects had not as yet manifested themselves.
We enumerated hereinabove the four distinct deficiencies complained of, the first of which involved the defective installation of glass panels in the front door. The evidence reflects that this door could have been effectively repaired rather than replaced and, therefore, the trial judge refused to permit plaintiffs to recover the cost thereof. We believe he was correct. We are likewise in accord with the conclusions reached by him with respect to plaintiffs’ right to recover the full amount of their claim as reflected by items 2 and 4, and the reduction of plaintiffs’ claim in connection with item 3 from $360 to the sum of $275.52, for the reason that the plaintiffs not only repaired the ceilings in the rooms where cracks had appeared, but also refinished the plaster in two bedrooms and the hall where cracks had not manifested themselves. Obviously plaintiffs had no right to recover any money expended by them for this extra work.
 The lower court awarded plaintiffs an attorney’s fee of $126.52 or 10% of the amount of the judgment which was apparently predicated upon Section 9 of the contract which provides that the “surety, in addition to the amount of the foregoing bond, shall be liable for all costs, charges, expenses and attorneys’ fees incurred in any concursus or any other legal proceedings made necessary by the failure of the contractor to faithfully comply with the foregoing contract” and the attorneys’ fee is fixed at 10%. A casual reading of this section reflects that it is limited to compensation for provoking a concursus or other legal proceeding. However, it is not intended to include the services rendered by an attorney in connection with the prosecution of the claim of the owners against the contractor and his surety. The applicable portion of the contract is Section 4, paragraph 2, which reads:
“Said contractor binds and obligates himself to and in favor of said Owners and said Association to pay and reimburse them, and each of them, or either of them, growing out of or caused by this contract, whether in defense of any suits or garnishment proceedings against said Contractor or any of his workmen, sub-contractors, fur-nishers of material or against said Owners or said Association, or both, or in prosecution of any suit or suits against said Contractor or any or all of his workmen, sub-contractors, fur-nishers of material or sureties, in con-cursus or otherwise.”
Plaintiffs are, therefore, entitled to the award of a reasonable attorney’s fee by virtue of this section of the contract. Counsel for plaintiffs has successfully prosecuted this case on appeal, prepared and written a brief, and orally argued the case in connection therewith. We are, therefore, of the opinion that the attorney’s fee should be increased to the sum of $300. Kozlowski v. Fowler, La.App., 71 So.2d 246.
In the judgment the plaintiffs were awarded $1265.22, however, this obviously was a typographical error for the sum total of the allowances awarded should have been $1265.52.
*740 For the reasons assigned the judgment appealed from is amended so as to award the plaintiffs the sum of $1265.52, together with an attorney’s fee in the amount of $300, and, as thus amended, it is affirmed.
Amended and affirmed.
McBRIDE, J., absent, takes no part.