JOHNSON, Judge.
The plaintiff subcontractor appealed from a judgment of the Civil District Court for the Parish of Orleans maintaining a plea of prescription and dismissing plaintiff’s claim to be paid the price of the subcontract in each of several jobs. The suit originally was filed against the general contractor and later the insurance company was impleaded as a defendant.
The original petition filed on July 21, 1960, alleges that defendant, Tom Williams Construction Co., Inc., entered into a separate general contract with each of six owners to construct a .residence for each of said owners. We are here concerned only with two of those jobs — the Roy J. Berg-gren and the Harold V. Alfred contracts. These general contracts were in writing and were recorded. Attached to and recorded with each contract is a surety bond issued by the Trinity Universal Insurance Company. •
By verbal subcontracts with the general contractor, the plaintiff installed the terrazzo and tile called for by the specifications. The■ subcontract price on the Berg-gren job was $715.00 and the subcontract price on the Alfred job was $780.00.
It is alleged that plaintiff completed the subcontract in a workmanlike manner on the Berggren job on January 1, 1960, and completed the subcontract on the Alfred job on October 16, 1959.
The owner, Berggren, formally accepted the work under his general contract on January 29, 1960. The owner, Alfred, formally accepted the work under his general contract on October 30, 1959. Both certificates of acceptance of the work were timely recorded.
The general contractor did not pay plaintiff and plaintiff filed this suit on July 21, 1960, less than one year after the registry of the owners’ acceptances, against the general contractor as the only defendant, claiming payment of the subcontract price on each job.
The general contractor, defendant Tom Williams Construction Co., Inc., filed its answer to the original petition admitting that plaintiff and defendant entered into the verbal subcontracts for the work to be performed by plaintiff on these jobs, but denied that plaintiff completed the work under these subcontracts in a satisfactory and workmanlike manner, and set up reconven-tional demands for damages.
March 7, 1961, more than ,a year after the registry of the owners’ acceptances of the *331 work, the plaintiff filed a supplemental and amended petition explaining in more detail some of the allegations in the original suit and impleading as a defendant the Trinity Insurance Company as a solidary obligor with the general contractor.
On September 1, 1961, the insurance company filed its exception of prescription to plaintiff’s supplemental and amended petition, alleging that the general contracts were accepted more than one year prior to the time the supplemental and amended petition was filed (March 7, 1961) making the insurance company a party defendant.
It is plaintiff’s position that the general contractor and its surety are liable in solido to plaintiff for the subcontract price on each job and that if the law requires the action to be brought against the general contractor’s surety within one year, then the filing against the general contractor of this suit within one year from the acceptances interrupted the running of prescription as to the insurance company, a solidary obligor with the general contractor.
Counsel for defendants contend that LSA-R.S. 9:4814 provides that any action against the surety must be brought within one year after the owner’s acceptance of the work; that the law on the subject of private building contracts being stricti juris and sui generis must be strictly construed, and that the provisions of other laws applicable to suretyship do not apply.
The trial court said that: “The court is of the opinion that any suit brought against the bonding company must be brought within one year of the acceptance under the terms of the statute.” The court maintained the plea of prescription and dismissed plaintiff’s suit as against the insurance company.
LSA-R.S. 9:4814 was Section 14 of Act 298 of 1926. While the text of that section does not contain explicit language to say that its provisions are restricted to fixing the time and method for preservation and enforcement of liens by laborers and mate-rialmen against the property, the owner and the contractor’s surety, it is generally understood that this section does not contemplate protection of subcontractors. Judge Regan, of this court, touched upon this feature of the law in the court’s opinion in Svendson v. American Indemnity Co. of Galveston La.App., 76 So.2d 737 (738, 739). In that case the owner brought suit against the contractor and his surety more than one year after the registry of the owner’s acceptance of the works. The owner had paid the full contract price to the contractor and by that suit the owner sought to collect for defects which it was alleged became manifest after completion and acceptance of the building. The contractor filed certain exceptions which were overruled. The surety company filed a plea of prescription based upon the failure of the plaintiff to institute the action within one year after the registry of the acceptance of the work. The court, said:
“The defendant asserts that plaintiffs’' right of action is now prescribed since suit was not- filed within one year from1 the registry of the acceptance of the work. In addition thereto, defendant contends that since plaintiffs accepted the dwelling, they are, therefore, es-topped from asserting any claim for defects that developed subsequent thereto.
“We find no merit to the plea of prescription. LSA-R.S. 9:4814 relied on by the defendant was clearly intended to limit the period in which the materi-almen and laborers having claims against the building contractor for their part in the construction, could bring an action against the contractor’s surety. Dixie Building Material Co., Inc. v. Massachusetts Bonding & Insurance Co., 167 La. 399, 119 So. 405; Costanza v. Cannata, 214 La. 29, 36 So.2d 627. It has no application to an action instituted by the owner against the contractor and his surety.”
The same plea was decided against the bonding company in the case of Costanza *332 v. Cannata, 214 La. 29, 36 So.2d 627 (630). In that case the owner convoked a concursus by depositing the unpaid amount of the contract price retained by the owner and im-pleading the contractor, his surety and the materialmen to appear and assert their claims. In that suit, the owner also claimed damages and attorney’s fees for the failure to complete the building in accordance with the contract. That suit originally was filed within one year following the date of the owner’s registry of his acceptance of the work. Subsequently and after the expiration of one year from the registry of the acceptance, the plaintiff filed a supplemental and amended petition increasing the amounts of his original claim and by adding new items of alleged defects chargeable against the contractor. The bonding company filed a plea of prescription leveled at the items and amotints which were added in the supplemental and amended petition over what had been claimed in the original petition, invoking Section 14 of Act 298 of 1926. The Supreme Court in that case said:
“The plea of prescription is likewise without merit. Section 14 of Act No. 298 of 1926, relied on by the defendant, was clearly intended to limit the period within which the materialmen and laborers having claims against the building contractor for their part in the construction could bring an action against the contractor’s surety. See Dixie Building Homestead v. Massachusetts Insurance Company, 167 La. 399, 119 So. 405.”
Neither of the plaintiffs in the two cited cases was a subcontractor. These decisions are cited as authority that the suit by any claimant other than a materialman or a laborer is not required to be filed within one year after the registration of the owner’s acceptance of the work.
Even if it could be held that the provisions of LSA-R.S. 9:4814 applied to a suit by a subcontractor against the general contractor and his surety, the requirement to bring the action within one year from the registry of the owner’s acceptance has been met by suing and citing the general contractor within the year.
LSA-R.S. 9:4802 requires that the contractor shall furnish a bond insuring the true and faithful performance of the contract and the payment of subcontractor, workmen, etc.
The bond furnished by the contractor on each of the jobs in the present suit is in evidence. In addition to the provisions of the statute which requires that the surety shall be liable for the contractor’s obligations in the performance of the contract including the payment of subcontractors, the policy issued by the bonding company binds itself as surety, “ * * * together with said * * * contractor and builder, as principal, in solido, unto said * * * owner, all subcontractors * * * firmly by these presents.”
In other words, the liability of the surety on each of these bonds is co-equal with that of the contractor,, which liability is fixed both by law and by the language of the policy contract, and the surety is limited to such defenses as the principal on the bond can make. Audubon Homestead Ass’n. v. A. Stef Lumber Co., 158 La. 1054, 105 So. 62; Walker v. Classen, Orleans App. No. 7367; Graphic Arts Bldg. Co., v. Union Indemnity Co., 163 La. 1, 111 So. 470. LSA-C.C. 2082, 2083.
It is axiomatic that filing a suit on an obligation is a judicial proceeding which interrupts prescription as to a solidary obli-gor. LSA-C.C. 3553 ; National Homestead Ass’n v. Graham, 176 La. 1062, 147 So. 348. The application of this well established rule of law under these facts is not inconsistent with any pertinent provision of the law regulating private works contracts.
For these reasons the judgment appealed from is reversed.
It is now ordered that the plea of prescription is overruled and that the case be *333 remanded to the Civil District Court for the Parish of Orleans and reinstated on the docket of that court for further proceedings according to law. Cost of this appeal shall be paid by defendant-appellee.
Reversed and remanded.