YARRUT, Judge.
Plaintiff, a subcontractor, sued the principal contractor and its surety, in solido, to recover $3,327.29 due it for labor and materials furnished for several residences the principal contractor was constructing for the owner. The principal contractor made no appearance and is not involved in this appeal.
The surety filed a plea of prescription of one year to Plaintiffs demand, because this suit admittedly was filed more than one year after recordation of the acceptance of the work by the owner from the general contractor, under LSA-R.S. 9:4814, verbo “Private Works,” which provides, inter alia:
“Any action against the surety must be brought within one year from the registry of acceptance of the work or of notice of default of the contractor.”
The one-year period of prescription was maintained by the district court with written reasons, and Plaintiff’s suit against the Defendant surety was dismissed. Plaintiff has taken this appeal.
Plaintiff contends that the one-year prescriptive period set forth in LSA-R.S. 9:-4814 applies only to the claims of laborers and materialmen, and does not apply to the claim of a subcontractor who is in privity with the principal contractor, citing Svendson v. American Indemnity Co. of Galveston, La.App., 76 So.2d 737, 739; Costanza v. Cannata, 214 La. 29, 36 So.2d 627, 630; Dinon Terrazzo & Tile Co., Inc. v. Tom Williams Construction Co., Inc., La.App., 148 So.2d 329.
The district judge held that the right of Plaintiff, as a subcontractor, to sue the surety on the general contractor’s bond, results solely from the cited statute, as a subcontractor is nothing more than a fur-nisher of labor and materials for the general contractor; which statute makes no distinction between subcontractors, on the one hand, and laborers or materialmen, on the other hand.
Plaintiff contends that, since laborers and materialmen are not in privity with the owner or the prime contractor, their rights arise solely from the cited statute; while subcontractors are in privity with the general contractor, owner and surety, and their claims against the owner, general contractor and surety are conventional obligations prescribed in ten years, under LSA-C.C. art. 3544, and not in one year as fixed by the cited Private Works Statute, supra.
We cannot agree that the subcontractor was in privity with the owner or surety. Plaintiff, as subcontractor, orally agreed with the contractor to do the tile work required under the general contract and was in privity with the general contractor only; hence, Plaintiff is governed by the one-year prescription under LSA-R.S. 9:-4814.
*369 Anent the cases relied upon by Appellant, cited supra, the district judge clearly distinguished them in his Reasons for Judgment, viz.:
“It is thus determined that the precise holding in each of the three cases is upon some point differing from the issue here, that is, either the petition was by the owner himself, who was a party to the general contract, or was by a sub-contractor against the general contractor, but suit was properly brought within a year, and the surety then joined. In this case suit was brought by the sub-contractor against both the general contractor and the surety, but beyond a year after the acceptance of the contract.
“This court has carefully examined the cases and law regulating building contracts and private works, L.R.S. 9 :- 4801, et seq. The court is of the opinion that while the holdings in these cases are correct they are not applicable here. An examination of the Svendson case and the Costanza case shows that each suit involves a suit by an owner against the contractor and surety, and the court in each instance properly held that the restriction of L.R.S. 9:4-814 does no.t apply to a suit by the owner against the surety. These cases are relied upon as authority that the suit by any claimant other than a materialman or a laborer is not required to be filed within one year after registration of the owner’s acceptance of the work. In the Cost-anza case, the Supreme Court said:
'The plea of prescription is likewise without merit. Section 14 of Act 298 of 1926, relied upon by the defendant, was clearly intended to limit the period within which the materialmen and laborers having claims against the building contractor for their part in the construction would bring an action against the contractor or surety.’
“Similar language is cited by the court in the Svendson case. Relying upon these statements the court in the Dinon Terrazzo case concluded that the provisions of L.R.S. 9:4814 could not apply to a suit by a sub-contractor against the general contractor and his surety. However, the court went on to point out that regardless of that finding, in that case suit was timely brought against the general contractor, and the sub-contractor was joined later, and so held that a suit against one solidary ob-ligator interrupted prescription against another solidary obligator, asserting that the application of this rule or law was not inconsistent with any pertinent provision of the law regulating private works contracts.”
Since Plaintiff-Appellant is a subcontractor with no contractual relationship with Defendant (Trinity Universal Insurance Company), its right to bring an action against Trinity is governed solely by the provisions of the Private Works Statute. Having admittedly failed to bring this action within one year from the date of the recorded acceptance of the contract by the owner, whatever right Plaintiff-Appellant may have had prescribed prior to the institution of this suit.
The judgment of the district court, maintaining the plea of prescription in favor of Defendant, Trinity Universal Insurance Company, is affirmed; Plaintiff-Appellant to pay all costs in both courts.
Judgment affirmed.