LOTTINGER, Judge.
This is a suit by Moran & McGoey, Inc. as petitioner and against United Bonding Insurance Company as defendant. The suit is upon a performance bond issued by defendant on a building contract in which S & W Real Estate Investment Corporation was owner, William F. Schenker was the *773 prime contractor, and the plaintiff was a sub-contractor.
From a judgment in favor of the petitioner, the defendant has appealed.
The facts, which are not in dispute, disclose that the acceptance of the contract between the owner and the prime contractor was filed November 22, 1960. This suit by the petitioner, representing labor and materials for the installation of ceramic and asphalt tile, was not filed until May 6, 1963. The contract between the prime contractor and petitioner was a verbal contract.
The answer admits the principal allegations set forth in the petition, and based upon these admissions, petitioner filed a motion for judgment on the pleadings as provided for under Article 965 of the Louisiana Code of Civil Procedure. In this motion, petitioner contended that the provisions of Louisiana Revised Statute Title 9: Section 4814, do not apply to subcontractors, and, therefore, the prescriptive period of one year pleaded as a defense to this action is not applicable herein.
The Lower Court rendered judgment overruling the plea of prescription filed by defendants and on the merits gave judgment in favor of petitioner and against defendant on petitioner’s demand. The defendant has taken this appeal.
The only question before the Court is a question of law. It involves an interpretation of Title 9, Section 4801 of the Revised Statutes, particularly R.S. 9:4814, which provides in part that:
“Any action against the surety must be brought within one year from the registry of acceptance of the work or of notice of default of the contractor.”
In this action, which was commenced by petitioner some two and one-half years after the filing of acceptance of the work, petitioner claims that the above quoted provision in R.S. 9:4814 does not apply to subcontractors. It is petitioner’s contention that such provision only applies to labor and material.
The cases cited by petitioner were discussed in an opinion recently rendered by the Fourth Circuit Court of Appeal in the suit entitled “Moran & McGoey, Inc. v. Trinity Universal Insurance Company et als, No. 2062”, 183 So.2d 367, which has not yet been reported. In that case the Court said:
Plaintiff contends that, since laborers and materialmen are not in privity with the owner or the prime contractor, their rights arise solely from the cited statute; while subcontractors are in privity with the general contractor, owner and surety, and their claims against the owner, general contractor and surety are conventional obligations prescribed in ten years, under LSA-C.C. art. 3544, and not in one year as fixed by the cited Private Works Statute, supra.
We cannot agree that the subcontractor was in privity with the owner or surety. Plaintiff, as subcontractor, orally agreed with the contractor to do the tile work required under the general contract and was in privity with the general contractor only; hence, Plaintiff is governed by the one-year prescription under LSA-R.S. 9:4814.
We are in agreement with the holding of the Court in said case, and based upon said holding, the judgment of the Lower Court will be reversed.
For reasons hereinabove assigned, the judgment of the Lower Court is reversed and there is judgment herein in favor of defendant and against petitioner, maintaining the plea of prescription, all cost of this appeal to be paid by petitioner.
Judgment reversed.