## BUFFINGTON v. DINKGRAVE.

Under section 4 of the statute of 3d May 1847, the tax on pedlers and hawkers is due from the time when the applicant for a license commences to sell; and, as all taxes are

laid for the calendar year, a license for the year 1848, will not authorize the person obtaining it to sell under it in 1849. At whatever period of the year 1848 the license may have been issued, it will expire with that year. Nor can one who obtains a license at any time after the commencement of the year complain that he pays as much for a license to trade during a portion of the year as others have paid for the whole year; the inequality is of his own creation, and does not render the statute unconstitutional.

The collection of the taxes on pedlers and hawkers for the calendar year, is secured by the bond given in that year by the sheriff, as tax-collector, for the taxes assessed for the preceding year: thus, the taxes on pedlers and hawkers for 1848, which the sheriff receives in the course of that year as the licenses are issued, is secured by the bond given for the general taxes for the year 1847, which are assessed in that year and collected in 1848, the bond providing for the payment of all sums for which the sheriff may become legally liable during that year.

A PPEAL from the District Court of Ouachita, *Copley*, J. *Garrett*, for the plaintiff. *Sharp* and *Stillman*, for the appellant. The judgment of the court was pronounced by

ROST, J. This action was instituted by the plaintiff to recover back from *Dinkgrave*, sheriff and tax-collector, state and parish taxes, paid under protest, for a license to sell goods in a flatboat at the landing of the town of Monroe. The plaintiff alleges that his boat was laden with the produce of the soil and manufactures of the other States of the Union, and that he was on that account exempt from taxation : That, if he had been liable for the tax, the first license should have endured one year from its date, and he was not liable for the tax of 1849, when he paid it, the year not having expired: That the defendant was not authorized to collect said taxes, and had not given bond at the time : That to be taxed for one month as much as others pay for one year, is unequal and unjust, and that the laws taxing pedlers and hawkers are unconstitutional on that ground : That he was compelled to make payment to avoid the seizure and sale of his property. He prays that the State and the Parish be made parties to these proceedings, and that he may have judgment for the amount paid by him.

The defendant answered that he acted in the premises in the discharge of his duty as collector of the state and parish taxes, and averred his authority to do so, and the liability of the plaintiff to pay the tax; he also denied generally the allegations of the petition,

The district attorney, and the counsel for the police jury, also appeared and joined in the defence, justifying the acts of the defendant, and alleging that the boat of the plaintiff was laden with foreign products.

There was judgment in favour of the plaintiff, and the defendant appealed.

We are of opinion that the provisions of the act of 1848, exempting from taxation " any boat or boats laden exclusively with the products of the soil and manufactures of the other States for sale," is general in its character, and that the plaintiff would have been entitled to the benefit of it, if he had brought himself within the exception.

It is not necessary to determine upon which of the parties the burden of proof lies. The plaintiff, in his petition, does not call upon the defendant to prove that he sold foreign products. He holds the affirmative of the issue without any reservation, and, in the opening of the case, introduced a witness in support of it. That witness testified that he had bought a great many articles from the plaintiff, and that his assortment consisted of domestic goods, as far as he remembers ; but the same witness stated that he seldom bought of the plaintiff

BUFFINGTON   himself, he generally dealt with his clerk. The clerk must have known posi-
*v.*         tively the nature of the assortment. Why was not his evidence taken? This
DINKGRAVE.   omission is suspicious; and the testimony of *Dillard* that, he went on board of
the boat and saw the clerk selling coffee and other foreign products, explains
the reason of it.

Should it be conceded that the burthen of proof is upon the defendant, the
testimony of *Dillard* is positive, and cannot be got over. It was excepted to
on account of the general character of the answer, but it is clear it could not
have taken the plaintiff by surprise. Coffee being the foreign product stated to
have been sold by him, in the receipt and protest upon which his action is based.
The plaintiff has failed to show that he was within the exception, and if the
taxes were legal and properly assessed he has no cause of action.

We will dismiss the ground of unconstitutionality by reason of the inequality
of the tax, with a simple reference to the cases of *The Second Municipality* v.
*Duncan*, 2d Annual 182, and *The City of Lafayette* v. *Cummins*, 3d Annual
674, in which the same question was thoroughly examined, and decided adversely
to the plaintiff's pretensions.

Under the 4th section of the act of the 3d of May 1847, this tax was due and
demandable from the time the plaintiff commenced to sell; and, as we under-
stand all taxes to be laid for the calendar year, the license for 1848 expired with
that year, and the plaintiff could not sell under it in 1849. The inequality of
which he complains is of his own creation. The license authorises him to trade
for the year during which it is granted, without reference to its date.

It is further argued that the defendant had not given bond for the collection of
the taxes at the time they were collected. If this was true, and the taxes
were justly due, it would not probably be a sufficient reason to authorize the
plaintiff to recover the amount claimed. *Worsley et al.* v. *Second Munici-
pality*, 9 Rob. p. 324. But we are satisfied that the objection is untenable.
By the 44th section of the act of 1847, it is made the duty of sheriffs, before
they commence the collection of the taxes, to give bond in a sum at least equal
to one-half over and above the amount of taxes levied for state purposes, con-
ditioned for the faithful performance of the duty of tax collector and for the
just and faithful payment of all sums for which the sheriff may become legally
liable. The taxes spoken of in this section are the general taxes on property,
which are assessed one year and collected the next; for instance, the bond for
the tax of 1848 was given only in 1849. The tax on pedlers and hawkers for
the year 1848, which it is made the duty of the sheriff to receive in the course
of that year as the licenses are issued, could not therefore have been secured by
that bond; but the bond for the general tax of 1847, which was given in 1848,
was not only for the faithful performance of his duty as collector of those taxes,
but also for the just and faithful payment of all sums for which he might become
legally liable during that year. The tax on pedlers and hawkers must therefore
be secured by this latter clause of the bond, or it is not secured at all. How-
ever this may be, the sheriff is authorized to receive it when he gives the license.

The state tax on pedlers and hawkers is assessed by law, and the parish tax
on them for the year 1848 was assessed by an ordinance of the police jury.
We are of opinion that the sheriff was authorized to receive those taxes; but
the parish tax for 1849 had not been assessed at the date of the sheriff's receipt,
and he had no means of knowing what the amount of it would be. The plain-

tiff is therefore entitled to recover the sum of $67, admitted to have been paid for the parish tax of 1849.

It is therefore ordered that the judgment in this case be reversed; and that there be judgment in favor of the plaintiff for the sum of sixty-seven dollars, with interest at the rate of five per cent per annum, from the 9th day of April 1849, till paid. It is further ordered that the costs of the district court be paid by the defendant, and those of this appeal by the plaintiff and appellee.