(36 South. 358.)

No. 14,796.

WIEMANN et al. v. MAINEGRA et al.

(March 14, 1904.)

ADMINISTRATOR — ACTION AGAINST SURETIES— JOINDER OF PARTIES — APPEAL—DISMISSAL— EVIDENCE—CARRYING ON DECEDENT'S BUSINESS—RELEASE OF SURETY.

1. Where a judgment has been rendered in favor of two persons against an administrator, and execution has issued thereunder and has been returned unsatisfied, the beneficiaries of such judgment may join in an action against the sureties of the administrator, and the action so brought will not be dismissed for an improper joinder of plaintiffs because, on a devolutive appeal subsequently taken it is held that the judgment relied on was unauthorized quoad one of the parties in whose favor it was rendered.

2. An unauthorized judgment against the principal, which is reversed on a devolutive appeal, will not support an action, brought pending the delay for appeal, against the sureties on an administrator's bond.

3. In an action against the sureties on an administrator's bond, a judgment previously obtained against the administrator is admissible in evidence, but it is not conclusive, as against the sureties, with respect either to the fact or the extent of the breach by the administrator of the obligations of the bond.

4. The record of a succession, for the faithful administration of which a bond has been given, is good evidence, in a suit against the sureties, as to the manner and result of such administration.

5. Where there are minors interested, their consent, with that of the major heirs, is insufficient to authorize the administrator to carry on a commercial business belonging to the succession, and the minors are not estopped to hold him and his sureties liable for the consequences.

6. A surety upon an administrator's bond cannot, by an ex parte judgment, or a judgment rendered contradictorily with the administrator alone, obtain a discharge with respect to a breach of the obligations of the bond which has occurred before the obtention of such judgment.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; John St. Paul, Judge.

Action by Edna R. Wiemann and others against R. J. Mainegra and others. Judgment for plaintiffs, and defendants appeal. Reversed in part.

Dinkelspiel & Hart, Buck, Walshe & Buck, and John Beauregard Fisher, for appellants Mainegra, Bensel, Walter, and Leidlich. William Stirling Parkerson, for appellees.

Statement of the Case.

MONROE, J. John M. Wiemann died in 1894, leaving nine children, of whom two (the plaintiffs in this case) were minors. Philip Péter, a son-in-law, was appointed administrator of the succession, and gave bond, with the defendants herein as sureties, but, instead of administering the succession in the usual way, he, with the concurrence of the heirs, continued for some nine months a commercial business in which the decedent had been engaged, and at the end of that time turned over the business, together with the stock in trade, to the John M. Wiemann Hardware Company, Limited, a corporation composed of five out of the seven major heirs, and two of the sons-in-law, including himself.

In March, 1900, the corporation so formed was put into the hands of a receiver; and in October of that year Edna R. Wiemann, who had in July attained her majority, called on the administrator for an account, which, after some litigation, was filed, and which she opposed. There was no other opposition, and the account in due time was homologated, so far as not opposed. After hearing the learned judge before whom the case was tried maintained the opposition, ordered the account to be amended in certain particulars, gave judgment in favor of the opponent and against the administrator for $2,621.26, and further gave judgment in favor of four other heirs, who had not appeared, for various amounts. From the judgment so rendered, no appeal was at that time taken, and execution issued, under which there was realized the sum of $251.85. Thereafter Edna R. Wiemann, the opponent, and Mary B. Wiemann, wife of John Simpson, who had

not opposed the account, but in whose favor judgment had also been rendered for $2,-621.26, brought the present suit against the sureties of the administrator to recover the balances alleged to be due them, respectively, on the judgment which had thus been obtained. The sureties excepted on the grounds that Mrs. Simpson was without authority to sue, and that there was a misjoinder of plaintiffs; and, for answer, they denied that there had been any breach of the obligations of the bond, or that the judgment against the principal was conclusive against them. Further answering, they alleged that Mrs. Simpson had taken no proceedings against the principal, that the amounts realized under the execution should be credited wholly upon the claim of Edna R. Wiemann, and that, by their consent to and ratification of the act of the administrator in carrying on a commercial business with the assets of the succession, the heirs had estopped themselves with respect to any claim which they might have had against his sureties. On behalf of R. J. Mainegra, the further defense was set up that he had been discharged from the bond by judgment. On the trial the plaintiffs offered in evidence the record in the succession of John M. Wiemann, together with the papers and documents filed therein —especially the letters of administration issued to Philip Peter, the bond filed by him, the rule for an account, the judgment against him, and the fieri facias and return thereon. The defendants offered the inventory in the succession, the act of incorporation of the Wiemann Hardware Company, Limited, and the agreement of the heirs looking to the formation of that corporation for the carrying on of the commercial business of the succession; and the counsel for Mainegra offered the proceedings whereby his client was discharged from liability on the bond sued on.

Upon the evidence so offered, there was judgment (signed February 20, 1903) in favor of the plaintiffs for $1,070.20 each, with interest from judicial demand, and upon March 4th the defendants appealed; and they, as also the administrator, upon the same day appealed devolutively from the judgment which had been rendered against the latter. The plaintiffs answer the present appeal, and pray that the amount of the judgment appealed from be increased to that claimed in the petition, and, by agreement of counsel, the transcript in the other is to be considered part of the record in this case.

## Opinion.

The case presented by the appeal from the judgment against the administrator has been this day decided, and it has been held that Edna R. Wiemann having alone opposed the account, and having asked for judgment in favor of no one but herself, and the account having been homologated as far as not opposed, the district court was without authority to render judgment in favor of the other heirs, who had not appeared, and that the judgment in favor of Edna R. Wiemann was for a larger sum than she was entitled to; and it has been decreed that the judgment appealed from be annulled in so far as it makes awards in favor of any and all of the heirs, save Edna R. Wiemann, the opponent, and that it be amended by reducing the award in her favor from $2,621.26 to $1,-155.07. This, we think, eliminates Mrs. Simpson from the present case, since no judgment can be rendered against a surety unless and until it has been judicially ascertained that the person seeking such judgment has a valid claim against the principal, and the necessary steps have been taken to enforce the payment of such claim. Civ. Code, art. 3066 (Rev. St. 1876, § 3724); Gaillard v. Bordelon, 35 La. Ann. 390. Upon the other hand, the objections which are urged to the present demand of Edna R. Wiemann do not appear to us to be well founded. She and Mrs. Simpson were prima facie the

beneficiaries of the same judgment against the administrator, and had the right to make it the basis of their joint or common action, so long as it remained in that shape, and hence had the right to sue on it; and the fact that it has since, on devolutive appeal, been ascertained to have been in some respects erroneous, does not affect that question.

Whilst, however, the obligee of a bond of the description here in question may, and in fact must, make a judgment with an unsatisfied writ of execution against the principal the basis of his action against the surety, it does not follow that he is entitled to recover in such action upon the judgment alone, for the condition of the bond is not that the surety will be liable for any judgment that may be rendered against the principal, but that he will be liable in the event of the failure of the principal faithfully to discharge his duties, or to respond in damages for such failure to the extent (up to the amount stipulated) of the loss thereby inflicted upon the obligee. A judgment in favor of the principal is necessarily conclusive in favor of the surety, since the liability of the principal is the only basis upon which that of the surety can be predicated; and for the same reason a judgment against the principal is conclusive in favor of the surety in so far as that no judgment for a greater amount can be rendered against him. In no case, however, is the judgment against the principal upon an administrator's bond conclusive against the surety, whether as to the fact or the extent of the breach of the obligation, since such judgment must be obtained in a proceeding to which the surety is not a party, and to hold him bound thereby would be to hold that he may be condemned without being heard. Canal Bank v. Brown, 4 La. Ann. 548; Mullen v. Scott, 9 La. Ann. 175.

The judgment in favor of Edna R. Wiemann and against the administrator was not, therefore, conclusive in the instant case against the defendants; nor was it so considered by the judge a quo, who condemned the defendants, as sureties, for less than half the amount of that judgment. It was, however, properly admitted in evidence; first, because, without it, and without the execution and return of the writ issued thereunder, no judgment whatever could have been rendered against the defendants; and, second, because it served to fix the maximum amount, beyond which the defendants could not have been condemned. But the judgment in question was not the only evidence offered and properly admitted. The learned judge a quo had before him the judicial record made by the administrator himself of the succession, for the faithful administration of which the bond here sued on was given. The making of that record was part of that administration, and tells its own story of nonfeasance and misfeasance on the part of the administrator. As an act of administration, he caused an inventory to be made, which shows that he received assets to the value of $26,155.75, including merchandise valued at $12,206.20, constituting the stock in trade of a commercial business. With no better authority than the concurrence of the heirs, two of whom were minors unprovided with tutors, he carried on the business for nine months, and at the end of that time turned it, together with all of its assets, over to a corporation composed of five (out of seven) of the major heirs and two other persons, including himself; and thereafter the business was carried on by the corporation until it became insolvent, and the administrator, as receiver, was placed in charge of its affairs. During that time—a period of nearly six years—he filed no account as administrator, and, when called upon to do so by the plaintiff, who had then attained her majority, he endeavored to escape that obligation. The filing of the account was another act of administration, and a mere comparison of the account with the inventory is sufficient to es-

tablish his liability to the plaintiff in the amount for which judgment has been rendered against him. The reasons for this conclusion are given more at length in the case in which that judgment has been rendered, and, as they are equally applicable here, they are made part of this opinion. Succession of John Moritz Wiemann, ante, p. 293, 36 South. 354. The plaintiff is not estopped, because she was a minor; her tutor was one of the participants in the maladministration of which she complains; the defendant Mainegra was for awhile her undertutor; and almost as soon as she attained her majority she began her proceedings against the administrator. The defendant Mainegra is not discharged from liability in the premises, because the conversion of the succession property took place while he was still on the bond, and the law provides for the discharge of a surety with respect only to the subsequent acts and liability of the principal. Civ. Code, arts. 3069, 3070.

The counsel for plaintiff contends that the original judgment in favor of Edna R. Wiemann against the administrator for $2,621.26 was correct, and that there should be judgment against the defendants now before the court for a like amount, subject to a credit of $125.92, being one-half of the $251.85 realized on the execution against the administrator, and to a further credit of $54.25, which has been realized in some other way. Our reasons for thinking the judgment mentioned erroneous are given at length in the opinion in which that judgment is reviewed, and need not be here repeated.

For those reasons, and for the reasons here assigned, it is ordered, adjudged, and decreed that the judgment here appealed from be annulled, avoided, and reversed in so far as it makes an award in favor of Mary B. Wiemann, wife of John Simpson, and it is further adjudged and decreed that the demand of said Mrs. Simpson be dismissed as in case of nonsuit. It is further adjudged and decreed that said judgment be amended in so far as it makes an award in favor of Edna Roberta Wiemann, now the wife of Joseph Oplatek, by increasing the amount of such award from $1,070.20 to $1,155.07. And it is further adjudged and decreed that in all other respects said judgment be affirmed; the plaintiffs to pay the costs of the appeal, and the plaintiff Mrs. Mary B. Wiemann, wife of John Simpson, to pay such costs of the district court as may have been incurred by reason of the prosecution of her claim.

The Chief Justice absent on account of sickness.

On Application for Rehearing.

(April 11, 1904.)

MONROE, J. Counsel on both sides accept the conclusions of law reached by the court, but suggest errors of fact.

On behalf of the appellee Mrs. Oplatek it is suggested that, for the reasons stated in her application for rehearing in the succession of John M. Wiemann, the amount of the judgment in her favor should be further increased to $1,286.05, and that, inasmuch as that judgment has already been increased from $1,072.20 to $1,155.07, she should not be condemned for costs of appeal. The reasons stated by the opponent in her application for rehearing in the succession of John M. Wiemann were, however, found to be insufficient, and the judgment appealed from in this case condemned the appellant to pay to each of the appellees, Mrs. Oplatek and Mrs. Simpson, the sum of $1,072.20, so that, whilst the amount of the judgment in favor of Mrs. Oplatek was slightly increased, the total amount for which the appellant is condemned has been considerably decreased, by the reversal of the judgment in favor of Mrs. Simpson. Moreover, it is admitted that Mrs. Oplatek has received $180.17 which should be credited on the judgment which she has ob-

tained, and which, though referred to in the opinion handed down by this court, was not taken into account in the decree; hence, even the judgment in her favor is to be reduced, as a result of the appeal.

The correction required in favor of the appellant may be made without a rehearing. It is therefore ordered, adjudged, and decreed that the judgment herein rendered in favor of Mrs. Oplatek be reduced by $125.92, with legal interest thereon from May 1, 1902, and by $54.25, with legal interest thereon from the date of the judicial demand in this suit, and, as thus amended, that it stand as the final judgment herein.

Rehearing refused.