H. D. STOKES *et al., Plaintiffs in Error,* v. JOHN P. GAL-
LOWAY, AS SHERIFF, *Defendant in Error.*

1. Where the title of an amending statute correctly gives the
   number of the section of a law designed to be amended and
   also briefly expresses the subject of the section to be amended,
   the title is sufficient, even though the title also contains mat-
   ter germane to the subject but not included in the subject of
   the section amended. Such a title is not false or misleading,
   if in addition to the number and the subject of the section
   amended, it contains other cognate matter that is within one
   general subject briefly expressed in the title of the amend-
   ing law.

2. The title to Chapter 5692 Acts of 1907 is not misleading or
   deceptive and does not violate constitutional requirements.

This case was decided by Division A.

Writ of error to the Circuit Court for Marion County. ·

The facts in the case are stated in the opinion of the
court.

*R. L. Anderson, Carlos L. Sistrunk* and *H. M. Hampton,*
for Plaintiffs in Error;

*Park Trammell,* Attorney General, for Defendant in
Error.

WHITFIELD, C. J.—This writ of error was allowed and
taken to a judgment in habeas corpus proceedings re-
manding to the custody of the Sheriff the petitioners who
were held on a capias issued by authority of indictments
found under Chapter 5692, Acts of 1907, amending section
3470 of the General Statutes of 1906, which amending

statute is alleged to have been enacted in violation of Section 16 of Article III of the Constitution, thereby making the indictments and the detention in custody of the petitioners unlawful.

The Constitutional provision, the Section amended and the amending statute are as follows:

"Section 16. Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith which subject shall be briefly expressed in the title; and no law shall be amended or revised by reference to its title only; but in such case the act, as revised, or section, as amended, shall be re-enacted and published at length." Article 3 Constitution of 1885.

"3470. Board not to purchase supplies from members of board.—No State or county board shall purchase supplies, goods or materials for public use from any firm or corporation in which any member is interested, nor shall any such board pay for such supplies, goods or materials so purchased. Any person violating the provisions of this section shall be punished, upon conviction, by fine not exceeding five hundred dollars or imprisonment not exceeding one year: Provided, That no member of any board aforesaid who shall have recorded his vote against such illegal purchase, who shall have been absent at the taking of the vote thereon, shall be convicted of a violation of this section. General Statutes of 1906.

"CHAPTER 5692—(No. 97).

AN ACT to Amend Section 3470 of the General Statutes of the State of Florida, Relative to the Purchase of Supplies by State, County and Municipal Boards or Councils.

*Be it Enacted by the Legislature of the State of Florida:*

Section 1.    That Section 3470 of the General Statutes of the State of Florida be and the same is hereby amended so as to read as follows:

Section 3470.    Boards Not to Purchase Supplies from Members of Boards.—No State or County Board or Municipal Board or Council shall purchase supplies, goods or materials for public use from any firm or corporation in which any member of such board is either directly or indirectly interested, nor shall any such board pay for such supplies, goods or materials so purchased.    Any person violating the provisions of this section shall be punished, upon conviction, by fine not exceeding five hundred dollars or imprisonment not exceeding one year; Provided, That no member of any board aforesaid who shall have recorded his vote against such illegal purchase, or who shall have been absent at the taking of the vote thereon, shall be convicted of a violation of this section.

Sec.    2.    That this act shall go into effect as soon as passed and approved by the Governor.

Approved June 3, 1907."

The Constitution provides that the subject of a law shall be briefly stated in its title, and that no law shall be amended by reference to its title only, but each section as amended shall be re-enacted and published at length.

These requirements are mandatory, and any law enacted without having its subject briefly expressed in its title, or any amendment of a section of a statute by reference to its title only, is inoperative.    A valid statute amending a section of an existing law supersedes the section amended.    When the title of an amendatory act merely gives the number of the section amended it does

not express the subject of the act, and is insufficient; and when the subject expressed in the title of an act is not the subject dealt with in the body of the act, the title is insufficient. When the title of an amendatory act gives the number of a section of a statute designed to be amended and also expresses a subject that is different from the one contained in the section to be amended, the title is deceptive and misleading, and the amendatory act fails, because the subject expressed in the title of the amending act is not the subject of the section purported to be amended. But where the title of the amending statute correctly gives the number of the section of a law designed to be amended and also briefly expresses the subject of the section to be amended, the title is sufficient, even though the title also contains matter germane to the subject but not included in the subject of the section amended. Such a title is not false or misleading, if in addition to the number and the subject of the section amended, it contains other cognate matter that is within one general subject briefly expressed in the title of the amending law. See State *ex rel.* McQuaid v. Commissioners of Duval County, 23 Fla. 483, 3 South. Rep. 193; State *ex ,el.* Turner v. Hocker, 36 South. Rep. 358, 18 South. Rep. 767; Webster v. Powell, 36 Fla. 703, 18 South. Rep. 441.

The title to Chapter 5692 sufficiently expresses the subject regulated by section 3470 of the General Statutes of 1906, which it purports to amend, to-wit: The purchasing of supplies by State or County Boards, and the title is not false or misleading because it also contains the added words "municipal   *   *   councils," since the addition is germane to and is but a part of one general subject that was partially embraced in the section that is amended. The added words in the title do not mis-

state the subject of the section that is amended so as to deceive and mislead, but they are necessary to the validity of the added matter in the body of the law, and all the words contained in the title to the amending act refer to and sufficiently express only one subject and matter properly connected therewith. The section amended is "re-enacted and published at length" with the amendments included therein, in accordance with the organic provisions on that subject.

The act under which the indictments were found does not violate the Constitution as alleged, and as a consequence, the judgment remanding the petitioners is affirmed.

SHACKLEFORD and COCKRELL, J. J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.