46 So.2d 186 (1950)
SINGLETON
v.
LARSON, Insurance Commissioner.
Supreme Court of Florida, en Banc.
May 12, 1950.
*187 Bezoni & Ervin, Tallahassee, for appellant.
Richard W. Ervin, Attorney General and Howard S. Bailey, Assistant Attorney General, for appellee.
CHAPMAN, Justice.
The title, in part, of Chapter 25414, Acts of 1949, Laws of Florida, F.S.A. § 627.55 et seq., provides for the licensing, by the Insurance Commissioner of Florida, of resident agents for insurers writing fire, casualty or surety insurance policies or contracts situated in the State of Florida and to place such lines of insurance with insurers not admitted to do business in the State of Florida under circumstances and conditions and requirements prescribed by the Act; a certain sum must be paid annually for such licenses and a bond must be posted by the licensees to secure payment of premium receipts; the licenses so issued may be revoked or suspended for enumerated causes or violations, subject to judicial review; fixing premium receipts, taxes on premiums charged for such insurance, with enumerated exceptions, and requiring collection of such taxes by licensees from the insured and requiring the report and payment by the licenses of such taxes to the Insurance Commissioner of Florida; it makes it unlawful for persons in Florida to insure risk with non admitted insurers except in pursuance of the Act; other provisions appear in the title but the same are unnecessary to recite in order to decide this controversy.
Pertinent to the issues presented here are the provisions of Section 5 of Chapter 25414, Acts of 1949, viz.:
"Section 5. Any licensed supervisory general agent or any licensed agent under this Act may place fire, casualty or surety insurance with a non-admitted insurer under the following circumstances:
"(a) That such insurance placed is of a type and kind that the supervisory general agent is authorized to process or which the licensed agent under his resident agent's license is authorized to sell; and
"(b) That the licensed supervisory general agent or the licensed agent is unable to procure such insurance from any insurer licensed to engage in business in this state, represented by such agent; and
"(c) That no insurer licensed to engage in business in this state but not represented by said agent, has offered or volunteered to accept such insurance.
"Such insurance as cannot be so procured may be procured from non-admitted insurers provided the insurance is not written by non-admitted insurer at a rate lower than the tariff rate filed by the majority of admitted companies with the commissioner, nor providing coverage or subject to policy forms other than those authorized by the commissioner for insurers licensed to engage in business in this state; however, it is permissible to procure extended coverage or windstorm insurance at such tariff rates on such prescribed forms, using a deductible clause in excess of that filed by such admitted insurers.
"When such a policy, cover note or contract of insurance is procured, the licensed supervisory general agent * * * shall file in the office of the commissioner such agent's affidavit containing the facts set forth in sub-paragraphs (a), (b) and (c) of the first paragraph of this section, and shall at the same time file in the office of the commissioner an exact copy of such policy, cover note or contract.
"It is specifically understood and agreed that this Section 5 shall not apply to ocean marine or aviation risks of a class under the supervision and control of syndicate operations of insurers licensed to engage in business in this state such as the American Hull Syndicate, The Tugboat Syndicate *188 and other like constituted and recognized ocean marine or aviation syndicate operations."
The title, in part, to Chapter 24302, Acts of 1947, Laws of Florida, F.S.A. § 526.12 et seq., provides for the licensing and regulation of dealers in liquefied petroleum gas, manufacturers of appliances and equipment for the use of such gas and persons installing such appliances on the premises of the ultimate consumer of such gas; the Act defines certain terms expressed therein; provides for security on the part of dealers, manufacturers and persons; it prescribes the duties of the State Fire Marshal and authorizes him to prescribe uniform regulations for the safety of design, construction, location, installation and operation of equipment for storing, handling, transporting by tank, truck or tank trailers and utilizing liquefied petroleum gases for fuel purposes; it provides for the marketing of liquefied petroleum gas containers and prohibits the refilling or use of such container without authorization of the owners; other features of the title are unnecessary to recite for a decision of the issues here presented.
Chapter 25105, Acts of 1949, Laws of Florida, amended Section 3 of Chapter 24302, Acts of 1947, Section 526.14, F.S.A., to read viz.:
"Section 3. No license shall be issued to an applicant to engage in any of such businesses, except dealers in appliances only, until such applicant shall have filed with the State Fire Marshal a good and sufficient bond in the penal sum of twenty-five thousand ($25,000) dollars, payable to the governor of the State of Florida, with applicant as principal, and a surety company authorized to do business in the state as surety thereon, conditioned that the principal shall well and truly comply with the provisions of this act and such rules and regulations as the State Fire Marshal may prescribe with respect to the conduct of such business for which the applicant seeks a license, and to indemnify and save harmless any and all persons from loss or damage by reason of the principal's failure to comply with such provisions, rules and regulations; provided, however, that the aggregated liability of the surety to all persons shall in no event exceed the sum of said bond. Should any bond so required for any reason become insufficient, the State Fire Marshal may require a new bond to be filed forthwith and should the principal fail to do so, it shall be the duty of the State Fire Marshal to cancel the license issued to such principal and to give such principal notice of said fact, in writing, and it shall be unlawful thereafter for such principal to engage in such business without such license; provided, however, that if the applicant shall furnish satisfactory evidence that such applicant is carrying a policy of public liability and products liability insurance with respect to such businesses in an insurance company authorized to do business in the State of Florida for an amount not less than twenty-five thousand ($25,000) dollars and that the premiums on such insurance are paid, then a certificate of such insurance shall be accepted in lieu of the bond hereinabove specified * * *."
Sidney A. Singleton, plaintiff-appellant, filed suit in Leon County, Florida, under Chapter 87, F.S.A., against Honorable J. Edwin Larson, Insurance Commissioner of Florida, and alleged that he was a duly licensed agent under the non-admitted companies Act, being Chapter 25414, supra, and was qualified to place insurance and bonds with non-admitted companies where no domesticated company represented by plaintiff will write bonds and insurance covering dealers in liquefied petroleum products as required to license such dealers under Chapter 25105, supra, Section 526.14, F.S.A., and where no domesticated or admitted company not represented by appellant has offered to write such insurance and bonds on behalf of dealers in liquefied petroleum products.
Plaintiff-appelant further alleged that financial losses will accrue to him if he is prohibited from issuing as an agent for such purposes the required bonds and insurance to qualified dealers in liquid petroleum products in accordance with the requirements of Chapter 25105, supra, Section 526.14, F.S.A. Likewise, the Insurance Commissioner of Florida has refused or *189 declined to approve the acceptance of bonds and insurance issued by non-admitted companies to liquefied petroleum products dealers  which violates, it is alleged, the clear intent of the law  and the effect thereof is to force out of business dealers in liquefied petroleum products or require them to obtain protection in admitted companies, contrary to the letter of the law. The provisions of Chapter 25105, supra, Section 526.14, F.S.A., should be construed as in pari materia with pertinent provisions of Chapter 25414, supra. The prayer is for a declaratory judgment or decree.
It is contended by plaintiff-appellant that Section 5 of Chapter 25414, supra, F.S.A. § 627.59, should be construed in pari materia with Chapter 25105, Acts of 1949, Section 526.14, F.S.A., which amended Section 3 of Chapter 24302, Acts of 1947, with reference to the bond and insurance provisions of the two pieces of legislation. Such a construction, it is pointed out: (1) will have the effect of making the two pieces of legislation one law; (2) force and effect can be given to each provision; (3) such an interpretation would make one Section "as in aid of the other"; (4) such a holding would produce harmony and remove apparent conflicts between the two provisions. Counsel for the appellee contends that the two provisions of law under consideration have separate and distinct fields of operation and the construction contended for by the appellant would in effect nullify the clear intention of the Legislature as reflected from a careful study of the three Chapters involved.
Pertinent here is the language employed by the Chancellor below on the contention of counsel and is viz:
"That the bond required by amended Section 526.14, Florida Statutes, of a licensed dealer in liquefied petroleum gas, as contemplated by said section, must have as surety thereon `a surety company authorized to do business in this state,' or in lieu of such bond, the public liability and products liability insurance to be carried by such dealer, as contemplated by said action, must be issued by `an insurance company authorized to do business in the State of Florida'; and that such a company is so authorized to engage in business in this state only if possessed of a valid certificate of authority, or renewal thereof, in pursuance of Sections 626.02 or 626.07, Florida Statutes.
"That Sections 526.12-526.20, Florida Statutes, as amended, are not insurance laws but are regulatory of the liquefied petroleum gas industry in this state; that the bond or insurance coverage requirements of amended Section 526.14 deal with and relate to a particular subject matter, a particular class of persons, a particular industry and a particular field, and such requirements are not modified, amended or affected in any way by the general provisions of Chapter 25414, Laws of 1949".
In the case of Scarborough v. Newsome, 150 Fla. 220, 7 So.2d 321, we held that this Court, in construing a statute, will consider its history, the evil to be corrected, the intention of the Legislature, the subject to be regulated, and objects to be obtained. In statutory construction the legislative intent is the polar star by which the court must be guided, and such intent must be given effect though apparently it may contradict the strict letter of the statute.
An examination of Chapter 24302, Acts of 1947, and amended Section 3 thereof by the enactment of Chapter 25105, Acts of 1949, removed every doubt that the Legislature clearly intended to regulate the use and control in behalf of the public interest the subject of liquefied petroleum gas in the State of Florida. It refers to liquefied petroleum gas, dealers, and appliance manufacturers. Words and phrases applicable to "liquefied petroleum gas" are defined by the terms thereof. The Acts require persons engaged in handling "liquefied petroleum gas" to obtain a license and give a bond. The State Treasurer, by the terms of the Act, is made State Fire Marshal and is authorized to regulate the industry within the terms of the Act. The power of the Legislature to enact the two measures cannot be challenged.
Chapter 25414, Acts of 1949, regulated the issuance of contracts and policies of *190 insurance in the State of Florida. The subject treated deals with fire, casualty or surety insurance and agents of companies issuing contracts and policies of insurance. Agents are licensed by the terms of the Act through the State Treasurer and some power is vested in this official to regulate tariff rates to be charged by the issuing insurance companies. A general supervisory power was given over tariff rates and agents of insurance companies by issuing licenses to engage in this line of business in Florida. The Legislature had the power, in behalf of the public interest, to regulate the line of insurance covered by the terms and provisions of the Act.
Chapter 24302, Acts of 1947, was designed to regulate the use and control of petroleum gas in the State of Florida. This Act was amended, in part, by Chapter 25105, Acts of 1949. The subject matter of the amendment was an additional regulation, not inconsistent with the original Act, of petroleum gas in the State of Florida. We have held that where there is an amendment to a section of a statute, the amendatory section takes the place of the section amended as a part of the original act. Stokes v. Galloway, 61 Fla. 437, 54 So. 799. When a section is amended by an enactment by stating it "shall read as follows", the desired amendment then follows, then the substituted amendment becomes for all purposes in the future the section of the original act. Miami Bridge Co. v. Railroad Commission, 155 Fla. 366, 20 So.2d 356.
It is a recognized rule of statutory construction that statutes which relate to the same person or thing or to the same class of persons or things, or to the same or a closely allied subject or object, may be regarded as in pari materia. Statutes which have a common purpose or the same common purpose, or are parts of the same general scheme or plan or aimed at accomplishing the same results, may be regarded as in pari materia. On the other hand, statutes which have no common aim or purpose and scope and which do not relate to the same subject, object, thing or person are not in pari materia. Southerland on Statutory Construction, Vol. 2 (3rd ed.) 535-539, par. 5202; 50 Am.Jur. 347, par. 350. As Chapter 25414, Acts of 1949, and Chapter 24302, Acts of 1947, and as amended by Chapter 25105, Acts of 1949, have no common aim or purpose and do not relate to the same subject, object, thing or person, then the inescapable conclusion is that the said acts are not in pari materia and the decree entered below is free from error.
Affirmed.
ADAMS, C.J., and TERRELL, THOMAS, SEBRING, HOBSON and ROBERTS, JJ., concur.