567 So.2d 697 (1990)
Walter GODEAU and Pat Hight, Plaintiffs-Appellants,
v.
PICHELOUP CONSTRUCTION CO., INC., Defendant-Appellee.
No. 89-290.
Court of Appeal of Louisiana, Third Circuit.
September 20, 1990.
*698 Scofield, Gerard, Veron, Hoskins & Soileau, Patrick D. Gallaugher, Jr., Lake Charles, for plaintiffs/appellants.
Henry R. Liles, Lake Charles, for defendant/appellee.
Before DOUCET, KNOLL and KING, JJ.
DOUCET, Judge.
This is an appeal from a district court judgment vacating and remanding an arbitrator's award for a more perfect statement of that award.
On April 17, 1985, Walter Godeau and Pat Hight, plaintiffs-appellants herein, entered into a contract with Picheloup Construction Co., Inc. (Picheloup), defendant-appellee herein, for the construction of office condominiums in Lake Charles, Louisiana. The contract required that any dispute between the owners and contractor to be submitted to arbitration.
Because of a dispute as to the quality of the work by Picheloup, Godeau and Hight refused to make the final payment under the contract. As a result, Picheloup refused to make its final payment to several of its subcontractors.
An arbitration hearing was held on March 31, 1988. No transcript of the proceeding was requested or made. On May 3, 1988, the arbitrator issued the following award:
"The claim of Picheloup Construction Company, Inc. ("Picheloup") for compensation is hereby denied.
Picheloup shall pay to Pat Hight; Walter Godeau the sum of TWENTY FIVE THOUSAND SIX HUNDRED FIFTY DOLLARS AND FORTY SEVEN CENTS ($25,650.47).
The administrative fees and expenses of the American Arbitration Association shall be borne FIFTY PERCENT (50%) by Picheloup and FIFTY PERCENT (50%) by Pat Hight; Walter Godeau and paid as directed by the Association.
This AWARD is in full settlement of all claims and counterclaims submitted to this Arbitration."
Godeau and Hight filed a "Petition to Confirm Award of the Arbitrator" in the 14th Judicial District Court for the Parish of Calcasieu, on June 16, 1988.
Prior to the hearing, the trial judge quashed a subpoena issued by Picheloup for the arbitrator, stating that he was unaware of any authority for allowing the arbitrator to testify at the hearing. However, at the hearing on this matter, the judge received into evidence two letters from the arbitrator and an affidavit executed by the arbitrator. The affidavit stated that as the result of a typographical error a sentence was omitted from the award which would have limited the amount awarded to the lesser of $25,650.47 or the amount needed to free the property of liens. The trial judge then remanded the matter to the arbitrator for a clarification of the award. After making this ruling, the judge allowed a proffer of testimonial and documentary evidence by the parties. A judgment was rendered vacating the award and remanding the matter to the arbitrator.
Godeau and Hight appeal.
La.R.S. 9:4209 provides that:
"At any time within one year after the award is made any party to the arbitration may apply to the court in and for the parish within which the award was made for an order confirming the award and thereupon the court shall grant such an order unless the award is vacated, modified, or corrected as prescribed in R.S. 9:4210 and 9:4211. Notice in writing of the application shall be served upon the adverse party or his attorney five days before the hearing thereof."
As the court stated in North Central Utilities, Inc. v. East Columbia Water District, 480 So.2d 901 (La.App. 2nd Cir.1985); writ not considered, 481 So.2d 1329 (La. 1986):

*699 "It is well-settled in both state and federal courts that an award may be challenged only on the grounds specified in the applicable arbitration statute. The court cannot substitute its conclusion for that of the arbitrator. In the furtherance of the purpose and intention of arbitration, the scope of judicial review as to the findings and conclusions of an arbitrator is severely restricted and the courts have consistently respected this limitation. Accordingly, a court does not ordinarily sit in an appellate capacity to an arbitration panel, but confines its determination to whether there exists one or more of the specific grounds for impeachment as provided for under the applicable statute."
A district court has only three alternatives: (1) it may confirm the award of the arbitrator; (2) it may vacate the award where one of the grounds for vacation outlined in La.R.S. 9:4210 has been proven; or (3) it may modify the award where one of the grounds listed in La.R.S. 9:4211 exists.
La.R.S. 9:4210 states that:
"In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators."
The trial judge apparently based his decision on La.R.S. 9:4210(D), which allows an award to be vacated where the arbitrator exceeds his powers or imperfectly executes his powers with the result that a mutual, final and definite award on the matter submitted is not made. The trial judge apparently felt that the award was indefinite. However, the award on its face is clear and without ambiguity.
"`Unless otherwise provided by statute or by the submission itself, arbitrators are not required to state in the award each matter considered, or to set out the evidence, or to make findings of fact or conclusions of law. They need not give reasons for their award or conclusions or the grounds which form the basis for the arbitrators' determination, describe the process by which they arrived at their decision, or spell out the rationale of the award. (footnotes omitted)'"
Transcontinental Drilling Co., Inc. v. Davis Oil Company, 354 So.2d 235 (La. App. 4th Cir.1978), citing 6 C.J.S. Arbitration 100 (1975). Neither was there any showing that the arbitrator exceeded his powers or executed them imperfectly. Therefore, there is no basis for a vacation of the arbitration award.
La.R.S. 9:4211 states the circumstances in which an award may be modified as follows:
"In any of the following cases the court in and for the parish wherein the award was made shall issue an order modifying or correcting the award upon the application of any party to the arbitration.
A. Where there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award.
B. Where the arbitrators have awarded upon a matter not submitted to them unless it is a matter not affecting the merits of the decision upon the matters submitted.
C. Where the award is imperfect in matter of form not affecting the merits of the controversy.
The order shall modify and correct the award so as to effect the intent thereof *700 and promote justice between the parties."
There is nothing in the record or the allegations of the parties to lead to the conclusion that the arbitrator awarded on a matter not submitted to him or that the award was imperfect in a matter of form not affecting the merits of the controversy. However, it is alleged that there was a miscalculation as to the amount of the award. However no such miscalculation is evident on the face of the award. Additionally, an award which was fairly and honestly made may not be invalidated or modified because of an error of law or fact on the part of the arbitrator. St. Tammany Manor v. Spartan Bldg. Corp., 509 So.2d 424 (La.1987).
Had a transcript of the arbitration proceeding been made it is possible that some basis for vacation or modification might be evident. However, on the basis of the record any ground for vacation is purely suppositional. Transcontinental Drilling Co., supra.
Finding no reason to vacate or modify the arbitration award, we reverse the district court's vacation of the arbitrator's award. It is further ordered that the award of the arbitrator be recognized and confirmed. All costs of this appeal are assessed to the appellee.
REVERSED.