579 So.2d 1207 (1991)
CITY OF SULPHUR, Louisiana Plaintiff-Appellant,
v.
SOUTHERN BUILDERS, INC. Defendant-Appellee.
No. 89-544.
Court of Appeal of Louisiana, Third Circuit.
May 17, 1991.
Rehearing Denied June 24, 1991.
*1208 Scofield, Bergstedt, Gerard, Mount & Vernon, PC, J. Michael Veron, Robert Landry, Lake Charles, for plaintiff-appellant.
Gordon E. Rountree, Shreveport, for defendant-appellee.
Before GUIDRY, LABORDE and KING, JJ.
KING, Judge.
This case presents the issues of whether or not the trial court erred in denying an appeal from the arbitration panel decision of March, 1988 and whether or not sanctions and damages for a frivolous appeal are appropriate.
The City of Sulphur, Louisiana (hereinafter plaintiff) contracted with Southern Builders, Inc. (hereinafter defendant) to construct a waste water treatment plant for the City of Sulphur. The contract provided that any dispute arising out of the project was to be resolved by arbitration. Disputes did arise, which resulted in plaintiff withholding from defendant the balance due on the contract. Defendant instituted arbitration proceedings for the balance due on the contract in addition to legal interest for late progress payments as well as certain builders risk claims. The plaintiff counter-claimed in the arbitration proceedings for various allegedly defective items as well as for liquidated damages and other items.
The arbitration panel deliberated and issued their decision on March 23, 1988, ruling in favor of plaintiff on certain items and in favor of defendant on certain other items. Included in the ruling was an award to plaintiff of $55,000.00 in liquidated damages and an award to defendant of $318,562.92 comprising the balance due on the contract plus legal interest and certain builders risk claims. Plaintiff filed a motion to vacate the arbitration award, and defendant filed a motion to confirm the award. Both motions were filed in the Fourteenth Judicial District Court in Calcasieu Parish, Louisiana. The trial court denied the appeal of the arbitration ruling and adopted the panel's ruling as its judgment. It is from this judgment that plaintiff *1209 appeals. In this court, defendant filed a motion for sanctions and damages alleging that plaintiff's appeal is frivolous. We affirm and award the damages.

FACTS
Effective November 19, 1983, plaintiff and defendant signed a contract wherein defendant was to build a waste water treatment plant for plaintiff. The contract provided that any disputes arising would be submitted to arbitration. Disputes, mainly about electrically defective items, did arise and plaintiff withheld the balance payment due to defendant. Defendant instituted arbitration proceedings for the balance due plus legal interest for late progress payments as well as certain builders risk claims. Plaintiff counter-claimed for allegedly defective items, primarily electrical, as well as for liquidated damages and other miscellaneous items.
The arbitration panel was composed of an electrical engineer, a civil engineer and an attorney. The hearing consumed several days, hundreds of documents and exhibits were placed into evidence, and numerous witnesses testified. The panel issued its decision on March 23, 1988, awarding defendant $318,562.92, comprising the balance due on the contract together with legal interest and builders risk claims. The panel also awarded plaintiff $55,000.00 liquidated damages for delays caused by defendant.
Plaintiff filed a motion to vacate the arbitration award and defendant filed a motion to confirm the award. Both motions were filed in the Fourteenth Judicial District Court, Parish of Calcasieu, Louisiana, and were assigned to Judge Gregory D. Lyons. Judge Lyons denied plaintiff's appeal of the arbitration panel's ruling and adopted their ruling as his own. In his reasons for judgment, dated February 2, 1989, Judge Lyons wrote:
"After careful review of the complete record of the arbitration proceedings, the court finds that the City of Sulphur's position is based on no facts or evidence to support it, and is totally without merit. The allegations made in the appeal by the City of Sulphur are not supported by the evidence or any of the facts considered by the Court...."
From this ruling, plaintiff appeals asserting that (1) the contract is null and void because defendant violated La.R.S. 38:2212 et seq when preparing its bid; (2) alternatively, this court should remand the case to the trial court for it to determine whether or not there was a violation making the agreement void; (3) this court should reverse the trial court's decision concerning liquidated damages, vacate the arbitration award and order a new arbitration regarding liquidated damages; (4) this court should reverse the trial court's decision regarding the panel's calculation of interest and vacate the panel's award; and (5) alternatively, this court should recalculate the interest. Defendant filed a motion for sanctions and damages in this court, alleging that plaintiff's appeal is frivolous.

LAW
We initially consider appellant's argument that the contract is null and void because defendant violated the provisions of La.R.S. 38:2212 et seq when preparing its bid. This contention is founded upon evidence in the record to the effect that, although the specifications for bidding indicated that the contract was to be completed in fourteen (14) months, Southern Builders concluded before bidding that completion of the project would take some twenty-four (24) months, and calculated its bid on that basis.
At the outset, we observe that plaintiff did not assert this nullity argument in the arbitration proceedings. To the contrary, in the arbitration proceedings, the City urged these facts in support of its claim for liquidated damages.
We find nothing illegal or improper in the method employed by Southern Builders in the preparation and submission of its bid. The record reflects that Southern Builders realized early on that the fourteen month contract period was too short and so advised the City's representatives. The request for bids was properly advertised and competitive bids were received. Southern *1210 Builders submitted the lowest bid which was accepted. The construction was completed and the price has been paid except for items submitted to arbitration. We discern no impropriety in the bid submitted by Southern Builders. The City's remedy for delayed performance is one for contractually stipulated liquidated damages. The City was awarded $55,000.00 in liquidated damages against Southern Builders by the arbitration panel and cannot now be heard to urge nullity of the agreement. See Mt. Airy Refining Co. v. Clark Acquisition, Inc., 470 So.2d 890 (La.App. 4 Cir.1985), writ den., 476 So.2d 351 (La.1985).
When reviewing an arbitration panel's ruling, the district court's scope is statutorily limited by La.R.S. 9:4210, which states:
"In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud, or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators."
In a recent similar case, this court noted that:
"It is well-settled in both state and federal courts that an award may be challenged only on the grounds specified in the applicable arbitration statute. The court cannot substitute its conclusion for that of the arbitrator. In the furtherance of the purpose and intention of arbitration, the scope of judicial review as to the findings and conclusions of an arbitrator is severely restricted and the courts have consistently respected this limitation. Accordingly, a court does not ordinarily sit in an appellate capacity to an arbitration panel, but confines its determination to whether there exists one or more of the specific grounds for impeachment as provided for under the applicable statute." Godeau v. Picheloup Construction Co., Inc., 567 So.2d 697, at page 699 (La.App. 3 Cir.1990).
Quoted from, North Cent. Utl. v. East Columbia Water Dist., 480 So.2d 901 (La. App. 2 Cir.1985), writ not considered, 481 So.2d 1329 (La.1986). See also, Firmin v. Garber, 353 So.2d 975 (La.1977).
In the instant case, plaintiff asserts none of the grounds listed in La.R.S. 9:4210 as prerequisites for vacating an arbitration award and ordering a rehearing. Instead, plaintiff asks us to consider its case de novo. This we cannot do statutorily. We find the trial judge correctly held that no grounds were presented permitting an order vacating the arbitration panel's award.
Appellate courts are specifically permitted to award damages for frivolous appeals. La.C.C.P.Art. 2164. In the instant case, we note that the arbitration proceeding was lengthy, thorough and complete. The trial judge, after a careful review of the record, found no evidence or facts to support an order vacating the panel's ruling. Still, plaintiff persisted and filed this appeal. Although plaintiff presents issues to be reviewed, plaintiff does not present any serious arguments to support its position. See, Louisiana Home Builders v. Fontenot, 546 So.2d 325 (La. App. 3 Cir.1989). Further, as already noted, the scope of review of an arbitration proceeding is a very limited one. Plaintiff must know this and yet insisted on filing in the district court and then appealing to us. Because plaintiff did not allege any statutory grounds upon which to vacate an arbitration award, neither at the trial nor appellate *1211 level, damages for a frivolous appeal are appropriate.
For the foregoing reasons, the judgment of the trial court and the ruling of the construction industry arbitration panel are affirmed, and damages for a frivolous appeal are granted in the amount of $5,000.00. All costs and damages are taxed to plaintiff-appellant.
AFFIRMED.