651 So.2d 404 (1995)
TOWN OF MELVILLE, Plaintiff-Appellee,
v.
SAFECO INSURANCE COMPANY OF AMERICA, Defendant-Appellant.
No. 94-1039.
Court of Appeal of Louisiana, Third Circuit.
March 1, 1995.
*406 Jeffrey Michael Bassett, Opelousas, for Town of Melville.
Richard Mary, Baton Rouge, for Safeco Ins. Co. of America.
Before YELVERTON, THIBODEAUX and DECUIR, JJ.
THIBODEAUX, Judge.
Defendant, Safeco Insurance Company of America, appeals the trial court's judgment of their liability as the surety on a performance bond. The town of Melville contracted with Mar-Len to perform improvements to the town's sewer collection system. Mar-Len defaulted on its contract by leaving the project before completion. Safeco was the surety on the performance bond for Mar-Len.
Mar-Len demanded arbitration under its contract with the town. In the arbitration proceedings, the town was awarded $63,321.00, plus interest. The town of Melville sued Safeco in a separate district court proceeding and filed a motion for partial summary judgment against Safeco for the sum awarded in arbitration. Safeco opposed the motion, asserting it had personal defenses which were not presented in the arbitration proceedings.
The trial court granted the town's motion for partial summary judgment, finding the arbitration award bound Safeco for $63,321.00. This court affirmed. Town of Melville v. Safeco Insurance Company of America, 589 So.2d 625 (La.App. 3d Cir.1991). On writs to the supreme court, our judgment was reversed in a per curiam decision. The case was remanded to district court to allow Safeco to present issues of material fact related to personal defenses which may not be precluded by the arbitration award.
In district court, the parties submitted the evidence taken in the arbitration proceedings and other documents. The trial judge found Safeco was obligated by its performance bond to pay completion costs of the job Mar-Len contracted to perform. The trial judge determined the parties ratified the arbitration award by seeking judicial recognition of the award. He awarded $63,321.00 plus legal interest until paid, and also awarded $75,000.00 in attorney's fees as due under the contract and the performance bond.
We affirm the trial court's ruling on the liability of Safeco, the limits of the arbitration award, and the attorney's fees due under the contract and bond.

ISSUES
The central issue on appeal is whether an arbitration award is binding on a surety when the principal has defaulted on its contract.

LAW & DISCUSSION
The trial judge did not err in his application of the law. The facts found by the trial judge are reasonable in light of the record, and he properly applied the law. We find the trial judge's reasons for judgment are legally sound and logically articulated and hereby incorporate them into this opinion and adopt them as our own.
The trial judge wrote:
"In May of 1983, the Town entered into a written contract with Mar-Len of Louisiana, Inc. for the construction of a sewage collection system for the Town. The contract obligated Mar-Len to furnish a surety bond of $1,588,630.00, which it did furnish. Safeco became surety on the bond on May 31, 1983."
"Mar-Len defaulted on the contract and ceased performing any work on the project on August 14, 1985."
*407 "Thereafter, on the recommendations of its engineer, the Town, through its attorney, formally terminated the contract by a letter dated September 27, 1985."
"The instant suit was then filed against Mar-Len and Safeco. Safeco filed its exception of prematurity relying on the arbitration clause in the contract between the Town and Mar-Len."
"A dispute arose over the validity of the arbitration clause in the contract and in the suit entitled `Town of Melville v. Mar-Len, Civil Docket No. 85-0425-A', Judge Pavy upheld the validity of the arbitration clause."
"Mar-Len then sought relief under arbitration. An arbitration hearing was held and the panel rendered an opinion on September 27, 1987 wherein Mar-Len was ordered to pay to the Town the sum of $63,321.00 plus legal interest from the date of the award until paid. (See Plaintiff's Exhibit #6). The sum awarded in arbitration was the sum awarded in the Town's motion for summary judgment."
"Safeco assumes the position that it is not responsible under its bond for the sums awarded by the arbitration panel. It relies on Civil Code Article 3047 as it is written today. The instant case is governed in part by C.C.-Art. 3061 as it was written when the facts of this case occurred."
"The Civil Code articles on Suretyship as written when the facts of this case occurred are not fully applicable to this case because these articles pertain to commercial suretyships and not compensated sureties. See comments under C.C.-Art. 3062, as written today; LSA-R.S. 9:4812(E)(2). The instant case is one governed by the Public Contracts Law, R.S. 38:2211 et seq."
"LSA-R.S. 38:2216, as it was written during the time frame of this case, provided that the party to whom a public contract had been awarded was obligated to `furnish good and solvent bond ... for the faithful performance of his duties.' While LSA-R.S. 9:4812(E)(2) provides a compensated surety on a contract for private works with a similar remedy provided to commercial sureties by C.C.-Art. 3062 (formerly C.C.-Art. 3061), no comparable provision is found in the statutes relating to sureties on contracts for public works. But the appellate courts have held that former C.C.-Art. 3061 was applicable to public works contracts. See State v. Wilco Construction Company, Inc., 393 So.2d 885 (La. App. 4th Cir.1981)."
"The performance bond of Safeco in this case provides in pertinent part the following:
`... (The surety) shall fully indemnify and save harmless the Owner (Town) and Government from all costs and damages which it may suffer by reason of failure to do so, and shall reimburse and repay the Owner and Government all outlay and expense which the Owner and Government may incur in making good any default ...'
The Court construes this language as obligating Safeco to pay for the costs of completion of the job that Mar-Len had contracted to perform."
"The contested issues were submitted to arbitration pursuant to contractual provisions in the construction contract between the Town and Mar-Len. No one, including this Court, has been able to offer any explanation for the award made by the arbitrators in this case. The award, in this Court's opinion was subject to judicial attack, but the parties to the arbitration apparently ratified the award by seeking judicial recognition. See Housing Authority of New Orleans v. Henry Ericsson Co., 2 So.2d 195, 197 La. 732 (1941)."
"This Court considers the $63,321.00 arbitration award only as setting the upper limits of Safeco's obligation. The award of an arbitrator is res judicata. Bergeron v. Gassen, 185 So.2d 106 (La.App. 4th Cir.1966). In Wiemann v. Marnegra, [sic] 112 La. 305, 36 So. 358 (1904) the Supreme Court held that `A Judgment in favor of the principal is necessarily conclusive in favor of the surety since the liability of the principal is the only bond upon which that of the surety can be predicated; and for the same reason a judgment against the principal is conclusive in favor of the surety insofar as that no judgment for a greater amount can be rendered against him.'" (Emphasis added)
*408 "Since this Court cannot understand the underlying rationale for the award made by the arbitrators, the Court will perform its own calculations and limit any award to $63,321.00. Wiemann v. Marnegra, [sic] supra."
"The evidence offered reflects that actual additional costs of completing Mar-Len's contract work was $272,144.00. (See Exhibit A). Safeco argues, and the transcript of the arbitration proceedings support it, that there was $120,100.20 in over payments to Mar-Len by the Town, i.e. payments for work not performed. Former Civil Code Article 3061 provided that the surety is discharged when the creditor does something that impairs the surety's rights to subrogation granted by former Civil Code Article 3047. When such an act by the creditor occurs, it makes available to the surety the pro tanto release of the surety's obligation based on the extent his right of subrogation has been prejudiced. State v. Wilco Construction Company, Inc., 393 So.2d 885 (La. App. 4th Cir.1981), writ refused 400 So.2d 905. Applying these principles of law to the facts, we must first subtract the claimed credits of $120,100.20 from $272,133.00, the amount required to complete the contract as reflected on Exhibit A. This leaves a remainder of $152,032.80 which far exceeds the arbitration award; consequently, Safeco is obligated to pay the arbitration award of $63,321.00."

"ATTORNEYS FEES"
"The evidence offered reflects that the arbitration panel did not consider the subject of attorney's fees."
"The contract in this case under Section D.7 provides in part that the (performance) bond shall provide for the payment of reasonable attorney's fees for the enforcement of contract proceedings. The contract and performance bond must be read together; thus, Safeco as surety was contractually obligated to pay attorney's fees to plaintiff. Maloney v. Oak Builders, Inc., 256 La. 85, 235 So.2d 386 (1970); Austin v. Parker, 672 F.2d 508 (U.S. 5th Cir.1982)."
"The Town also argues that attorney's fees are due under LSA-R.S. 22:6(8) and R.S. 22:658, citing Austin v. Parker, supra. An award under R.S. 22:658 requires additional proof of satisfactory proof of loss. See the Statute and Austin v. Parker, supra. Since the Court has concluded the award is due under the contract, application of R.S. 22:658 is unnecessary."
"An award of attorney's fees in cases such as the instant one is considered an award of damages. See Maloney v. Oak Builders, Inc., supra. The award must be reasonable attorney's fees in keeping with the language of the contract. The Court cannot make an award at this time for the fees of Mr. Patterson. If an itemized bill is submitted to the Court within ten (10) days of the reasons, an award will be considered."
"The bill of Mr. Bassett as itemized appears reasonable, and the Town will be awarded the sum of $40,000.00 in attorney's fees for that bill."
"The award of $63,321.00 for completion of the contract shall bear interest at the legal rate from the arbitration award until paid. The award of attorney's fees shall bear interest at the legal rate from judgment until paid."
"Safeco shall bear all cost of these proceedings."
In the judgment, the trial court awarded additional attorney's fees of $35,000.00, with legal interest.
We agree with the trial judge's application of the law and we supplement his opinion as follows.
A surety is not liable for any judgments that may be rendered against the principal. Wiemann v. Mainegra, 36 So. 358, 359 (La.1904). A surety is only liable when the principal fails to faithfully discharge his duties or to respond in damages for its failure. A judgment in favor of the principal is necessarily conclusive in favor of the surety, since the liability of the principal is the basis for the liability of the surety. It follows that the judgment against the principal is conclusive for the surety, in that no greater judgment can be rendered against the surety than the amount due from the principal. Id.
*409 The principal, Mar-Len, defaulted on its contract with the town, and then sought arbitration. After the arbitration award was determined, Mar-Len failed to pay the damages due. At this point, Safeco's performance bond became actionable.
When reviewing an arbitration panel's ruling, the district court's scope is statutorily limited by La.R.S. 9:4210, which provides:
In any of the following cases the court in and for the parish wherein the award was made shall issue an order vacating the award upon the application of any party to the arbitration.
A. Where the award was procured by corruption, fraud or undue means.
B. Where there was evident partiality or corruption on the part of the arbitrators or any of them.
C. Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy, or of any other misbehavior by which the rights of any party have been prejudiced.
D. Where the arbitrators exceeded their powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.
Where an award is vacated and the time within which the agreement required the award to be made has not expired, the court may, in its discretion, direct a rehearing by the arbitrators.
The arbitration statute specifies the only grounds on which to challenge an arbitration award. This court held:
The court cannot substitute its conclusion for that of the arbitrator. In the furtherance of the purpose and intention of arbitration, the scope of judicial review as to the findings and conclusions of an arbitrator is severely restricted and the courts have consistently respected this limitation. Accordingly, a court does not ordinarily sit in an appellate capacity to an arbitration panel, but confines its determination to whether there exists one or more of the specific grounds for impeachment as provided under the applicable statute.
City of Sulphur v. Southern Builders, Inc., 579 So.2d 1207, 1210 (La.App. 3d Cir.), writ denied 587 So.2d 699 (1991).
An arbitrator's award is binding on the parties to the proceeding. The liability of Mar-Len is the basis for Safeco's liability. Safeco cannot be liable for an amount in excess of the amount awarded in arbitration.
In this case, as in City of Sulphur v. Southern Builders, the plaintiff does not assert any grounds in 9:4210 as the basis to vacate the arbitration award and order a rehearing. Safeco is asking us to consider the case de novo, which the statute specifically prohibits.
The town and Mar-Len had a contract, and Safeco was Mar-Len's surety. Mar-Len defaulted on its contract. The parties sought arbitration, and then ratified the arbitrator's award. Mar-Len has defaulted, and Safeco is liable for the amount of the arbitration award. Safeco has not presented any new defenses, personal or otherwise, to defeat its liability as surety for Mar-Len's default.

DECREE
The judgment of the trial court and the ruling of the arbitration panel is affirmed. The trial judge's award of attorney's fees and interest are also affirmed. All costs of this appeal are taxed to Safeco.
AFFIRMED.